## Sarah Banister *vs.* Henry Higginson & *al.*

If the officer's return of an extent on land do not show by whom the appraisers were chosen, no title to the land passes thereby.

Parol proof is inadmissible to sustain such extent.

An amendment of the return, by stating by whom the appraisers were chosen, will not be permitted, if the rights of third persons are affected by such amendment.

Where the record of an extent is defective, no presumption that the requirements of law have been fully complied with can arise from a lapse of sixteen years.

A judgment of a court, having by law jurisdiction of a cause, cannot be impeached collaterally ; but remains in force until reversed.

If an officer return an attachment of land as *supposed* to belong to the debtor, such qualifying term does not impair the effect of the attachment, where the land in fact is the property of the debtor.

This is a real action wherein the plaintiff demands a piece of land in *Bangor*, which is described in the writ. The parties agree

to submit the action to the decision of the court upon the following state of facts. The writ was dated the 18th of *Oct.* 1835, and counts on the seizin of *Moses Brown*, her grandfather, within twenty-five years. It is agreed that the plaintiff is the sole heir at law of said *Brown;* and that on the 17th of *Nov.* 1807, one *Samuel Greenleaf* owned the land demanded, with other land adjacent, and that on that day he conveyed by deed a part of the land demanded, to said *Moses Brown.* That on the first day of *May*, 1805, *Stephen Higginson, Jr.* and *Henry Higginson*, having a demand against said *Greenleaf*, sued out a writ against him and attached the demanded premises. Said suit was brought for the Court of Common Pleas, *August* term, 1805, *Hancock* county; was there entered and afterwards demurred to the Supreme Judicial Court, and there entered and judgment rendered on the third *Tuesday* of *June*, 1807, in favor of the plaintiffs, for 1310,35. Execution issued on the twenty-fourth of *June.* On the 2nd of *July*, said execution was levied on the premises demanded, by one *John Balch*, a deputy-sheriff. The said *John Balch* not having returned, by whom the appraisers named in said return, were appointed, the parties submit the question, whether the said *John Balch* shall, on motion of the defendants have leave to amend his said return, by inserting the fact, by whom said appraisers were appointed. The tenants also offer the depositions of *H. G. Balch* and *Joseph Treat*, two of the appraisers named in said return, stating by whom they were severally appointed, which if admissible, with or without said amendment being made, are to be considered as a part of the case. Also the deposition of said *John Balch*, stating by whom said appraisers were chosen, which if legally admissible, is also to be made part of the case. But if otherwise, they are to make no part of the case.

On the 23d of *December*, 1822, *Moses Brown* commenced an action against said *Greenleaf*, describing him as of *Cincinnati*, in the State of *Ohio*, returnable at the Court of Common Pleas for the county of *Hancock*, to be holden on the fourth *Tuesday* of *March*, 1823 ; on said writ, the officer returned an attachment of the premises demanded, as *supposed* to be the property of the said *Greenleaf.* Said action was entered at *March* term, and at the same term the court made the following order, as appears on the

docket under said action; " plaintiff to give notice to the defendant, to be communicated by the clerk, of the nature of the action sixty days previous to the next term." There is then the following entry, "notice issued *May* 8, 1823, and put into the post-office *May* 11, 1823, W. D. continued." The next term of the Common Pleas was holden on the 2nd *Tuesday* of *July*, at which term judgment was rendered on default of the defendant, he not having ever appeared, for $338,21 damage, and $14,79 costs. The declaration in the said suit described a note as made by said *Greenleaf* to said *Brown*, dated *April* 5, 1811, which was not witnessed.

Said *Greenleaf* had occupied the land until he removed from *Bangor*, his former residence, with his family to *Cincinnati*, in the State of *Ohio*, in the year 1813, and has never returned since. Execution issued on said judgment on the 5th of *August*, 1823, and on the 9th of *August* was extended on the premises demanded; which was recorded on same day in the registry of deeds for the county of *Penobscot*. This levy was in legal form. It is agreed that either party may take all legal exceptions to the evidence on the facts affecting the title of the other party. And it is further agreed, that the court may make all such legal inferences from the facts stated, as a jury might make, and decide upon the validity and effect of said judgment and previous proceeding *so far*, and in the same manner, as a Judge of this court might do in this cause were the same on trial before a jury, and said judgment and proceedings were offered in evidence and objected to by the parties.

It is agreed that the tenants are the legal representatives of the said *Stephen Higginson*, Jr. and *Henry Higginson*. And if upon the whole case, the court shall be of opinion, that said action is maintainable, either for the whole or any part of the premises demanded, said defendants are to be defaulted, and judgment rendered accordingly; otherwise the plaintiff is to become nonsuit, with costs for the prevailing party.

Several papers were referred to in the statement of facts, but which are not found necessary to a sufficient understanding of the case.

*Mellen* and *Abbott* argued for the demandants, contending: —

1. That the levy under which the tenants claimed was void, because the return does not show by whom the appraisers were ap-

pointed. *Williams* v. *Amory*, 14 *Mass. R.* 20 ; *Eddy* v. *Knapp*, 2 *Mass. R.* 154 ; *Whitman* v. *Tyler*, 8 *Mass. R.* 284 ; *Means* v. *Osgood*, 7 *Greenl.* 146.

2. Nor can an amendment be permitted, because it would disturb the rights of third persons already acquired. *Thacher v. Miller*, 13 *Mass. R.* 270 ; *Hall* v. *Williams*, 8 *Mass. R.* 240 ; *Means* v. *Osgood*, before cited ; *Libby* v. *Copp*, 3 *N. H. Rep.* 45 ; *Howard* v. *Turner*, 6 *Greenl.* 106 ; *Freeman* v. *Paul*, 3 *Greenl.* 260. Even where in such case the amendment has been allowed, it does not alter the rights of the parties. *Emerson v. Upton*, 9 *Pick.* 167 ; *Putnam* v. *Hall*, 3 *Pick.* 445. Making such amendment dissolves an attachment. *Willis* v. *Crooker*, 1 *Pick.* 203.

3. Our deed conveyed a good title to that part of the premises, because the grantor was in possession, and the void levy of the tenants gave them no scizin.

4. Our judgment was a good and valid one. The defendant was not obliged to plead the statute of limitations, and if he had done so, there was evidence of a new promise. At all events, the judgment is good until reversed.

*F. Allen* argued for the tenants.

1. The levy of the tenants is good. At least, after the lapse of thirty years, it is to be presumed good, and that all the provisions of the statute have been complied with. *Williams* v. *Amory*, cited for the demandants.

2. The amendment ought to be permitted. The reason urged against it is, that rights of the demandant have intervened. But she has acquired no rights by the levy of her ancestor. A levy under a void judgment can give no title. The judgment should be regarded as a nullity, where the proceedings show, that the court had no jurisdiction, and a reversal is unnecessary. *St.* of 1821, *c.* 59, § 1 ; *Brackett* v. *Mountfort*, 2 *Fairf.* 117 ; *Chase* v. *Hathaway*, 14 *Mass. R.* 222 ; *Bissell* v. *Briggs*, 9 *Mass. R.* 462 ; *Hall* v. *Williams*, 6 *Pick.* 462 ; *Hall* v. *Williams*, 1 *Fairf.* 278 ; *Lawrence* v. *Smith*, 5 *Mass. R.* 362 ; *M'Rae* v. *Mattoon*, 13 *Pick.* 59 ; *Adams* v. *Rowe*, 2 *Fairf.* 89. As the judgment was void, as the case shows, there are no rights of third persons to prevent the amendment, which is mere matter of form, and we fur-

nish the strongest proof, that all the statute requirements were in fact performed in relation to the choice of appraisers, and the amendment should be allowed.

3. But the demandant, even if the judgment is good, and our levy is not, ought not to recover the land she claims by deed, because at the time it was made, we had the seizin in fact, and nothing passed by it.

After a continuance for advisement, the opinion of the Court was given by

WESTON C. J. — The levy made in *July*, 1807, upon the demanded premises, in behalf of the tenants, is very clearly bad, it no where appearing, either in the return of the officer, or the accompanying documents, that the appraisers were appointed in conformity with the statute. The requirements of the law upon this point, are too important to be disregarded ; and there being no legal evidence of a statute transfer of title from the debtor to the creditors, the fee remained in the former unaffected by the levy.

Parol proof has been offered, that the appraisers were appointed according to law, and a motion has been submitted, in behalf of the tenants, that the officer may be permitted to amend his return, in conformity to what is alleged to be the truth of the case. Without adverting to the danger of such a course in any case, after thirty years, in regard to facts resting in memory, we are of opinion, that it cannot be permitted, with a view to affect third persons. The propriety of such an amendment, was fully considered in the case of *Means & al. v. Osgood,* 7 *Greenl.* 146. It was there stated, that it could not be allowed to affect any other persons, than the original parties. It has even been held, that the interest of third persons could not be affected, where the amendment was allowed and made by leave of Court. *Emerson v. Upton,* 9 *Pick.* 167. And we are of opinion, that the parol proof cannot be received to sustain the levy, and that the officer cannot be permitted to make the amendment proposed.

It has been insisted, that it is too late to take this objection, after the lapse of so many years. To this we think it is a sufficient answer, that if presumptions, inconsistent with the record of a levy, could be allowed in any case to sustain it, they could not arise in

the period of little more than sixteen years, which intervened between the conflicting levies, in the case before us.

If the title of the tenants is fatally defective, it remains to determine, whether an equal infirmity does not attach to that of the demandant; for unless her title has been sustained, she cannot have judgment. It is based upon the seizin of her ancestor, derived from a levy of the demanded premises in *August*, 1823. No objection has been taken to this levy, in point of form; but it is urged that the tenants have a right to treat as a nullity the judgment, upon which the execution of the levying creditor issued. But we are of opinion, that it was rendered by a Court, having by law jurisdiction of the cause; and that it cannot be impeached collaterally; but remains in force, until reversed. We are not in this case, called upon to determine the force and effect of the judgment of another State, which was elaborately discussed in *Hall & al. v. Williams*, 1 *Fairf.* 278.

The debtor, having had his residence in this State, had removed therefrom, and had established his domicil elsewhere. But he left estate liable to be attached, of which he was not divested by the defective levy of the tenants. This estate the ancestor of the demandant attached. The officer, in his return, sets forth the attachment of the land in controversy, "supposed" to be the property of the defendant. The lien of the creditor, or the title of the debtor, was not impaired by the use of this qualifying term. It was a case then within the first section of the act regulating judicial process and proceedings. *Stat.* of 1821; *c.* 59. It is there provided, that if the goods or estate of a defendant out of the State are attached, "the officer shall return the writ, with his doings thereon; and such action being duly entered, the Court may order such notice to the defendant, as justice may require." It appears therefore, that the action was duly entered, and subject to the jurisdiction, direction and control of the Court. If in the subsequent exercise of this jurisdiction, they departed from the requirements of the same statute, so that there is manifest error upon the record, the law affords an appropriate remedy; but as in other cases, where error arises in the progress of a cause, the judgment remains in force, until reversed.

As to that part of the premises, which *Greenleaf*, the owner, conveyed by deed to the ancestor of the demandant in 1807, there can be no doubt that his title passed by that deed ; as the grantor was then in the actual possession. Upon the facts agreed, the opinion of the Court is, that the demandant is entitled to judgment.