## LUCAS & BROOKS v. GODWIN.

1. Where the sheriff returns an attachment, levied on certain lands in the possession of a person not a party to the writ, it will be intended, in order to sustain the proceeding, that they were the property of the defendant, and levied on as such.

WRIT of error to the Circuit Court of Russell.

N. W. COOKE, for the plaintiff in error—insisted, that the levy of the attachment by which this suit was commenced, was insufficient to sustain the judgment against the defendants below; that although, according to the decisions of this court, a levy upon *personal property* was sufficient, without an express affirmation of the sheriff, that it belonged to the defendant. yet the same principle did not apply to the realty. In the former case, the sheriff

would be a trespasser if he seized property of a third person, but in the latter, a levy upon the lands of a stranger would not be followed by such consequences. He cited 3 Monr. Rep. 294; Hardin's Rep. 44; 8 Dana's Rep. 67.

HEYDENFELDT, for the defendant.

COLLIER, C. J.—In Bickerstaff v. Patterson, [8 Porter's Rep. 245,] the sheriff returned that he had levied the attachment on sundry articles, without adding that they were the property of defendant. The court said, "the sheriff is an officer placed under great responsibility by the law, which defines his duties. He pledges to the public under the solemnity of an oath, his integrity and diligence; and consequently every reasonable intendment must be made in favor of the regularity of his official acts. When he receives process requiring him to levy upon the property of a particular individual, and he returns it according to its mandate, with his indorsement, stating that he had levied the same on property, (particularly describing it,) we must intend that the property seized, belonged to the defendant; because the process only authorised a levy upon his effects." [See also, Kirksey, et al. v. Bates, 1 Ala. Rep. N. S. 303; Miller, et al. v. McMillan, et al. 4 id. 527.] The reasoning employed in the case cited, applies with all force, to the case at bar.

The fact that the property there levied on was personal, and a mistake by the sheriff as to its liability to seizure, might result in more serious consequences to him, than would follow where process was levied on the lands of a third person, had no influence upon the judgment we pronounced. We laid down a principle applying alike to every description of property, and do not perceive how we can restrict it, without declaring it to be unsound *in toto*. The statement in the return, that Anderson and John Baldwin lived on the lands levied on, and were informed of the levy, can have no influence in determining its regularity. Although the natural inference from the fact of possession, is a right of property in lands, yet this presumption, like all others, is repelled by circumstances; and when an officer to whom process is addressed, requiring him to seize the estate of A. returns that he has taken property in the possession of B., it will be intended that the officer has done his duty, and that B. occupies either as a

trespasser or by permission of A. A positive affirmation by the sheriff, that the property attached belonged to the defendant, would have no influence upon the question of title, and could not be more potent than a levy unaccompanied by such a declaration. This is sufficiently shown by the reason upon which we rested the principle of Bickerstaff v. Patterson.

In respect to resident defendants, it can rarely, if ever, happen, that a judgment will be obtained upon an attachment, of the pendency of which they are ignorant; and as it regards non-residents, the judgment will only operate *entra territorium*, and cannot be enforced in another jurisdiction, unless the defendant had notice of the suit, and could have defended it.

The cases cited by the counsel of the plaintiffs in error, from Kentucky, depend upon a statute of that State, which we apprehend will be found to be unlike ours; or at least, has received a different interpretation.

But can the defendant be materially prejudiced where the sheriff has made an improper levy, or seized property which the attachment did not authorize? Is it not competent for the primary court to correct the irregularities of its officers, either by causing the return of a levy to be modified, or entirely vacated? And where that court cannot summarily interfere, may not a court of chancery prevent injury by means of an injunction or otherwise? These are questions which we merely suggest, but will not now attempt to answer.

It is not denied but the levy of the attachment is regular, and the return is only objected to because it states that the lands are occupied by third persons, and does not affirm that they belong to the defendants. This objection we have seen does not affect the judgment, and it is consequently affirmed.