## WILLIAM BRUCE *v.* THOMAS CLOUTMAN.

Under a plea of *nul tiel record* to defendant on a judgment of the Court of Common Pleas of
this State, the plaintiff cannot recover, if, upon the production of the record, the judgment
upon its face appears to be void; but he may recover, if the judgment, though erroneous, is
merely voidable and has not been set aside or reversed.

In an action against an absent defendant, upon whom no service was made, whose property
was not attached, and who did not appear, a judgment rendered as upon default against one
as trustee of such defendant is void, if no service was made upon the alleged trustee.

Where the proceedings in the Court of Common Pleas of this State had been properly com-
menced and jurisdiction obtained by the attachment of property of the absent debtor in the
hands of a trustee, a defect in the notice subsequently to be given to the principal defend-
ant, will not render the judgment void here, although the defect may be sufficient cause for
the reversal of the judgment on error.

An officer's return, that he left at "the dwelling house" of the trustee a true and attested copy
of the writ, is a sufficient return that he left such copy at "the last and usual place of abode"
of the trustee.

DEBT on a judgment in favor of the plaintiff against the defendant,
rendered in the Court of Common Pleas, in this county, April Term,
1843.

The original writ was against Samuel Stevens, as principal, and said
Cloutman as trustee. As to the principal defendant, who was describ-
ed as late of Mount Vernon, in this county, the writ was returned *non
est inventus*, the return also stating that he was not an inhabitant of
the State. As to the trustee the return was, that service was made on
him by leaving " at his dwelling house, in Mount Vernon, a true and at-
tested copy of this writ, together with a true and attested copy of this
my return endorsed thereon."

The action was entered at the August term, 1842, and the record of
the judgment at the April term, 1843, sets forth that the action was con-
tinued for notice to the principal in the Farmer's Cabinet, and goes on
to state as follows : " Now at this term it appears that said order has
been complied with and the said defendant, though three times solemnly
called, appears not, but makes default."

Whereupon judgment was rendered against him for $42,27 damages
and $10,07 costs, and also against the trustee for $52,34 upon default.
On this judgment against the trustee the present writ was brought, March
31, 1863, and the issue is upon the plea of *nul tiel record*.

The defendant contends that the record does not show any legal ser-
vice upon either the principal or trustee, and that the court, not having
acquired jurisdiction over them, the judgment is a nullity. At the hear-
ing either party may read the aforesaid record and docket entries, and
the pleadings in this suit.

Judgment is to be rendered for the plaintiff or defendant according to
the opinion of the court, reserving to the plaintiff the right to move to
amend the record if a proper case is made.

*A. W. Sawyer*, for plaintiff.

*B. Wadleigh*, for defendant.

BARTLETT, J.    Under the pleadings the plaintiff cannot recover, if

the judgment, on which he relies, is upon its face void as against this defendant ; but if not thus void, it will, though erroneous, entitle the plaintiff to recover, as it has not been reversed or set aside. The record shows no actual notice in the original suit to the principal defendant or Cloutman ; and there was no service upon, or appearance by, the former, who was not an inhabitant of this State, nor was his property attached unless by the service upon Cloutman, who was summoned as his trustee, and consequently the judgment would be void if there was no attachment of the property of Stevens in the hands of this defendant. *Eaton* v. *Badger*, 33 N. H. 236 ; *Carleton* v. *Ins. Co.*, 35 N. H. 167 ; and, besides, as against this defendant the judgment, under such circumstances and in such a proceeding, would be void, unless he were duly and legally notified, for it was rendered as upon default. *Harris* v. *Hardeman*, 14 How. 337 ; *Winship* v. *Connor*, 42 N. H. 346 ; *State* v. *Richmond*, 26 N. H. 241 ; *Judkins* v. *Ins. Co.*, 37 N. H. 480, 481 ; *Morse* v. *Presby*, 25 N. H., 305, 309 ; *Smith* v. *Knowlton*, 11 N. H. 191. Such a judgment, not being upheld by any statute, would remain, as at common law, a mere nullity as against this defendant, to whom the statutory notice was not given. *Rangely* v. *Webster*, 11 N. H. 305 ; *Whittier* v. *Wendell*, 7 N. H. 257 ; *Gay* v. *Smith*, 38 N. H. 174 ; *Thurber* v. *Blackbourne*, 1 N. H. 242 ; *Horn* v. *Thompson*, 31 N. H. 563 ; *Woodruff* v. *Taylor*, 20 Vt. 76. In *Gay* v. *Smith* the record showed a judgment valid on its face, for the service was apparently sufficient. In *Nichols* v. *Smith*, 26 N. H. 300, there had been no appearance by the defendant in the original action, and the remarks of the court have reference to that fact. *Carleton* v. *Ins. Co.*, 35 N. H. 166, does not conflict with these views, for where the proceedings have been properly commenced and jurisdiction obtained by the attachment of property of the debtor in the hands of a trustee, *King* v. *Holmes*, 27 N. H. 268 : *Kendrick* v. *Kimball*, 33 N. H. 176, a defect in the notice, that should subsequently be given to the principal defendant, is an irregularity that will not render the judgment a nullity here, although the defect may be sufficient cause for the reversal of the judgment on error. *Gilman* v. *Thompson*, 11 Vt. 641 ; *Gorrill* v. *Whittier*, 3 N. H. 269 ; *Gay* v. *Smith*, 38 N. H. 175 ; *Paine* v. *Mooreland*, 15 Ohio, 435 ; *Bannister* v. *Higginson*, 15 Me. 78 ; *Hawes* v. *Hathaway*, 14 Mass. 233 ; see *Blanchard* v. *Goss*, 2 N. H. 494 ; and *Granger* v. *Clark*, 22 Me. 130.

As, then, in the original suit, service of the process upon this defendant, according to the statute was essential to give the court jurisdiction over him, as well as to create an attachment of the property of Stevens in his hands, this fact should appear upon the record, the judgment having been rendered as upon default, for the plaintiff would otherwise fail to maintain the issue by the record of a valid judgment. *Carleton* v. *Ins. Co.*, 35 N. H. 167 ; *Eaton* v. *Badger*, 33 N. H. 238 ; *State* v. *Richmond*, 26 N. H. 241.

The sufficiency of the record of the service upon Cloutman depends on the sufficiency of the officer's return, that he left at " his dwelling house" in, &c., a true and attested copy, &c. The statutes then in force requir-

ed such a copy to be left at the " last and usual place of abode" of the party.   Laws 1830, p. 499, sec. 1, p. 91, sec. 11.   A sheriff's return should be certain, yet the highest degree of certainty is not required. Sewall's Sh'ff. 385.*   In its common acceptation a man's dwelling house is the house in which he resides—the house of his present abode.   Webster's Dict., "Dwelling House ;" Crabb's Syn. 263 ; see 4 C. & H's Phil. Ev. (3d Ed.) 192 ; and the term has long been thus used in our statutes relative to the service of process.   Laws 1815, p. 101, sec. 8 ; Laws 1830, p. 91, sec. 11, p. 97, sec. 25 ; R. S. p. 368, sec. 3.   So, at common law, a man's dwelling house to be the subject of burglary, must be inhabited by him either personally, or by some of his family ; and although some nice distinctions grow up as to what should be a sufficient occupancy by a particular person to answer the description in an indictment, by which an actual personal occupation by the one described as owner was not in all cases held necessary, yet this was upon the ground that the actual occupants stood in such relation to the owner that their occupancy was deemed his.   1 Russ. Cr. 803,* *et. seq.* ; 4 Blk. 224* ; Roscoe Cr. Ev. 351, *et. seq.* ; 3 Gr. Ev. sec. 79.   Under the statute cited, where service was not made upon the trustee personally, it was necessary, if he had a present place of abode in the jurisdiction, to leave the copy there.   *Ames* v. *Winsor*, 19 Pick. 248 ; see *Gilman* v. *Cutts*, 27 N. H, 359 ; *Ward* v. *Cole*, 32 N. H. 452, and *Foster* v. *Hadduck*, 6 N. H. 218.   Cloutman's dwelling house, then, being his place of present abode must have been his last and usual place of abode within the meaning of the statute, and, though the practice of departing from the plain words of the statute in such cases is not to be encouraged, we think that the return is sufficient.

As Cloutman by his default admitted that he had in his possession funds of the principal defendant, the attachment of these funds in his hands was a proper commencement of proceedings, and, at least as far as these funds were concerned, the judgment would not be rendered void here by any irregularity in giving notice to Stevens, if such existed, and were sufficient cause for reversing the judgment on error.   These views render it unnecessary for us to examine the alleged imperfection of the record in regard to notice to Stevens.   There must be,

*Judgment for the plaintiff.*