JAMES E. SAUNDERS v. COLUMBUS LIFE AND GENERAL INSURANCE COMPANY.

1. ATTACHMENT—ITS OBJECT.—The process of attachment is a branch of that system which charges the real estate of a debtor with the payment of his debts, and its object is to give the creditor, upon the institution of his suit, a lien on the real estate of his debtor.

2. ATTACHMENT BOND—PRESUMPTION.—The attachment bond was executed by the

Assignment of errors.

corporation, as principal, and by H., who was president of the corporation, and B., as sureties; and recites that it was sealed with their seals. The bond was signed first by H., his name being attached to the corporate seal; then by B., and then again by H. in his individual capacity. The law will presume that H. attached his name to the corporate seal in his official character as president, and then to his own seal in his individual capacity as surety for his principal. Where acts are of an official character, the law presumes they have been duly executed. *Omnia præumuntur rite esse acta.* It is no valid objection to the bond that it is only in an amount double that specified in the papers sued upon.

3. DUPLICATE WRITS—ENDORSEMENTS.—It is not necessary that duplicate writs of attachment should have endorsed thereon that they are such duplicates. Art. 16, Rev. Code, p. 378, authorizing duplicate attachments, does not require such endorsement.

4. RETURN—TITLE—PRESUMPTION.—It is not necessary to the validity of an attachment of real estate, and of the title derived through it, that the return should state the property to be that of the defendant. In view of the great responsibility of the office of sheriff, every reasonable intendment ought to be indulged in favor of the regularity of his official acts.

5. LEVY—RETURN—SUFFICIENCY.—Where the sheriff has levied the attachment on wild, uncultivated or unoccupied lands, it is not necessary to state affirmatively in the return that they are such, but a return by the proper officer that he has attached the lands, describing the same by numbers, metes, bounds or otherwise, shall be sufficient without going upon the land. Where the statute does not require the officer to go upon the land, it is not necessary that he should do so. If the return be certain on its face, and conform substantially to the statute, that is sufficient. The court will not intend facts inconsistent with it, and tending to render it void.

7. SAME.—Where the return shows that the sheriff had levied the attachment upon the lands of the defendant in his county, giving a full description of them, and that he had notified the defendant's agent, then living on and having possession and control of the land, of the said levy, and that he had left a copy of the writ of attachment with such agent; such levy, although not in the precise language of the statute, is a substantial compliance with it, and will be regarded as sufficient.

Error to the circuit court of Coahoma county.    TRIMBLE, J.

The plaintiff in error assigns the following errors:

1st. The court below erred in overruling the motion of the defendant to quash the writ of attachment to Coahoma, Tunica and Bolivar counties, for the reasons assigned.

2d. The court below erred in overruling the motion of the defendant to quash the returns on the said writ of attachment for the reasons assigned.

3d. The court erred in overruling the motion of the defendant for a new trial for the reasons assigned.

*Ellett & Phelan,* for the plaintiff in error.

The court ought to have quashed the original and duplicate

attachments :   1st. Because the bond was void, or at least voidable, upon the objection made by defendant. It does not appear that plaintiff is a corporation at all. It does not profess to be under the corporate seal. It does not profess to be under the private seals of the individuals who signed it. It is not signed by any person, as for the corporation, or as its president. There is no seal of the corporation in the *locus sigilli.* The private scrolls add no validity to the signatures. Such a bond would not be the bond of a corporaation, even at common law. Angell ·on Corp. This bond is a statutory bond to secure the defendant against a most arbitrary and summary proceeding. Rev. Code, 292, art. 7. Every requisite of the statute must be strictly complied with. 5 How., 298; 1 How., 50; 6 How., 296; 2 S. & M., 260; 4 S. & M., 683. The court below thought the bond defective, for although it overruled the objection, it gave leave to amend the bond. The objection should have been sustained, with leave to amend. Rev. Code, 377, art. 15. The plaintiff, however, did not amend, and the defect still stands.

2d. The duplicates to Tunica and Bolivar counties ought to have been quashed for want of proper endorsements. Art. 16, Rev. Code, 378, authorizes duplicate writs to any other county where the defendant may have property or debts due him. By art. 66, p. 489, Rev. Code, the clerk is required to endorse on all such writs that it is a duplicate of a writ issued to the other county for the same cause of action. No such endorsements were made on these writs. The latter provision applies to attachments, for it embraces all original process, and attachments are original process. Crizer v. Gorren, 41 Miss., 563; Robertson v. Johnson, 40 Miss., 500–503. Articles 16 and 66, taken together as *in pari materia,* authorize duplicates in two cases; first, where one or more parties defendant reside in a different county; and second, where, in attachment, any defendant has property in a different county. The same endorsement is required in each case, except that in the latter, the name of the defendant on whom the writ is to be served need not be endorsed. The court

gave leave to amend the writ in this respect, but plaintiffs declined, and we insist on the error. See, on this point, Foster v. Collins, 5 S. & M., 259; 3 ib., 87.

3d. The court erred in refusing to quash all three of the writs for the reasons assigned. Formerly, the general return " executed " was sufficient, but if it showed that it was not personal, then it was necessary it should show affirmatively that it was made in exact conformity to the statute Smith v. Cohea, 3 How., 25–39; Fatheree v. Long, 5 How., 661–664; Tomlinson v. Hayt, 1 S. & M., 519; Eskridge v. Jones, 1 S. & M., 596. A general return is not now allowed, but art. 63, p. 489, Rev. Code, requires the sheriff to return the process " with a written statement of his proceedings thereon." In attachments he is required to " make a full return of his proceedings thereon." The officer must state the facts, and leave the court to determine their sufficiency. Merritt v. White, 37 Miss., 438; Jeffries v. Harvie, 38 Miss., 97; Ray v. Heard, ib., 544; Robertson v. Johnson, 40 Miss., 500; Crizer v. Gorren, 41 Miss., 563; Revised Code, art. 7, 374; Earthman v. Jones, 2 Yerger, 491. As to sufficiency of return, see Foster v. Simmons et al., 40 Miss., 585; Ford v. Coleman et al., 41 Miss., 651; Glenn v. Wragg, 41 Miss., 654.

The court erred in not granting a new trial on the ground that the verdict was contrary to law and evidence. The evidence shows a case of a usurious contract, clearly, beyond a doubt. And their defense was competent, under the general issue. 1 Chitty's Pl., 477. A loan of depreciated money is usurious, and only the value of the money at the time of the loan, in specie, without interest, can be recovered. Bondurant v. Com. Bank of Natchez, 8 S. & M., 533; Cook v. Bank of Lexington, 8 S. & M., 543; Archer v. Putnam, 12 S. & M., 286.

But the verdict was wrong, even upon the instruction as it stands. The jury were bound, by the evidence, to deduct twenty-five per cent. from the face of the bills, for the depreciation of the money. But, instead of doing so, they found a verdict for $9,511, which was over $1,000 too much.

*Christian & Sykes,* for defendant in error.

The first error assigned is the refusal of the court to quash the writs of attachment for the reasons: 1st. That the bond is not in accordance with the statute; and 2d. That the writs to the several counties are not properly endorsed. The objection to the bond is two-fold: 1st. That it is not in double the amount of the debt sworn to; and 2d. That it is not so executed as to bind the corporation. The amended record filed in this case shows that both these objections are without foundation in fact. It is settled, that objections, not made in the court below, will not be considered by this court. Tyson v. Hamer, 2 How., 670; Barrow v. Burbridge, 41 Miss., 622; Scott v. Macey, 3 Ala., 250; Conklin v. Harris, 5 Ala.; Dent v. Parish, 9 Ala., 211. Also, Griffin v. Mills, 40 Miss., 616; Jackson v. Stanley, 2 Ala., 328; Houston v. Belcher, 12 S. & M., 514. Upon strict examination it will be found that none of the authorities referred to by the plaintiff in error sustain his proposition. If the plaintiff had refused, upon the order of the court, to give a new bond, it would have been time enough to quash the attachment. Lowry v. Stone, 7 Porter, 483; Pl. & M. Bank v. Andrews, 8 Porter, 404.

2d. The duplicate writs to Tunica and Bolivar ought to have been quashed for a want of proper endorsement. We contend that art. 66, Rev. Code, 489, of the circuit court law, directing the clerk to make endorsement on writs, does not apply to attachments issued under art. 16, Rev. Code, 378; and that the regularity of such attachment is not effected by the absence of such endorsement. The endorsement is applicable only to suits in *personam,* and never where there is but one defendant. All attachments issued under the statute, by the clerk of the circuit court, justices of the peace, etc., stand upon the same ground; and if it is necessary to the validity of an attachment issued by the clerk, that he should make the endorsement, then attachments issued by justices and others without such endorsement must be void. Such is clearly not the law.

3d. Plaintiff in error insists that the court should have

quashed the levies under the several writs of attachment, and cites a number of cases in support of his proposition. Most of these refer to defective service of original process, on which judgments by default had been taken, and were decided previous to the adoption of our present Code. Of the cases referred to occurring since, are 38 Miss., 97–544 ; 37 Miss., 438, 40 Miss., 500 ; the three first were from the circuit court, the last from chancery. In neither of these cases was there any appearance, either by plea, answer, demurrer, or motion. With regard to the return on the writ issued to Tunica county, we insist that the court, upon an examination of the sheriff's return thereon, will find it in substantial compliance with the requirements of the statute, which provides that an attachment shall be quashed or abated for want of form, if the substantial requirements of the statute be complied with. Rev. Code, art. 6, p. 374. And so we contend with regard to the levies and returns of the attachments by the sheriffs of Coahoma and Bolivar counties. We are fully satisfied that the levies, as made and returned, would uphold a judgment by default against the defendant. Besides, we insist that, however defective the service, the appearance of the defendant cures the defect. The motion to quash ought to have been made at the first term, being in the nature of a plea in abatement. Wilkinson v. Patterson, 6 How., 193–194. The Code requires all dilatory matter to be disposed of at the first term. Art. 150, p. 503 ; see also, Jones v. Hunter, 4 How., 342 ; Stevens v. Richie, 1 How., 522 ; Young v. Rankin, 4 How., 27 ; Hamer v. Henderson, 5 How., 525 ; Miller v. Ewing, 8 S. & M., 421 ; Gwinn v. Williams, 27 Miss., 324 ; Ray v. Heard, 38 Miss., 544 ; Sawyer v. Smith, 41 Miss., 554 ; 6 How., 193 ; Lester v. Watkins, 41 Miss., 647 ; Richards v. Mooney, 39 Miss., 357 ; Foster v. Battaile, 31 Miss., 471 ; Frisby v. Harrison, 30 Miss., 452.

4th. We see no error in overruling the motion for a new trial. If there was any error in the finding of the jury, it was in favor of the plaintiff in error. In his attempt to prove that the bills were given for Confederate money, the

plaintiff in error signally failed. The plea or defense of usury was not made in any way in the court below. There was nothing in the pleadings, in the proof, or in the charges of the court, in regard to usury.

Peyton, C. J.:

This was a suit by the Columbus Life and General Insurance Company, commenced by attachment in the circuit court of Coahoma county against James E. Saunders, a non-resident of this state, on the defendant's acceptances of two bills of exchange, one for $5,503 24, and the other for $2,821 85.

Upon the original writ of attachment issued to Coahoma county, the sheriff made the following return : " Levied, this attachment on the following land in said county, as the property of said defendant (setting out a description of the land), containing 874 50-100. This first day of November, 1866.

           " James N. Allen, Sheriff.
              " By W. W. Shaw, D. S."

And the record states that at the time of the issuance of the original writ of attachment to Coahoma county, a duplicate writ of attachment was issued to Tunica county, upon which the sheriff made the following return : " Came to hand 6th day of November, A. D. 1866. Executed same day, by levying the within attachment on the following lands, lying and being in Tunica county, as the property of the defendant, James E. Saunders (setting out the description of the land), notifying his agent, J. S. McPeak, now living on, and having the possession and control of said land, of the said levy. The defendant, James E. Saunders, not to be found in my county.             J. F. Sample,
      " Sheriff of Tunica county, State of Mississippi."

The record further shows that at the time the above duplicate writ was issued, another duplicate writ of attachment was issued to Bolivar county, upon which the sheriff made the following return : " I have this day executed this writ of attachment, by attaching the following described lands (set-

ting out a description of them), containing 800 acres more or less, being and situated in Bolivar county, Mississippi. Defendant, James E. Saunders, not found in my county. This, November 3d, 1866.

"Dick Bell, Sheriff."

These writs were all returnable to the April term, 1867, of the circuit court of the said county of Coahoma, and upon the return thereof, the plaintiffs filed their declaration, to which, at the October term following, the defendant filed his plea of the general issue in short by consent, with leave to file additional pleas within sixty days.

At the said October term, 1867, defendant moved the court to quash the writ of attachment issued in this case for the following causes, to-wit:

1st. Because the attachment bond was not executed by the plaintiffs in the manner required by law and the statute in such cases provided for corporations.

2d. In the body of said bond it is positively expressed to be executed by John M. Billups and others, as plaintiffs' co-obligors, whereas it is not signed and sealed by said John M. Billups at all, but by one Joseph P. Billups instead.

3d. Said bond was, in fact, signed and sealed by the obligors therein, in Columbus, Lowndes county, Miss., several days before the date and making of the affidavit and issuance of the attachment by the clerk, and it was left blank until the date of the attachment, and then filled up in the absence of all the obligors thereto.

4th. Said bond is only in an amount double the face of the paper sued upon and in the declaration described, while it appears from said declaration that plaintiffs have attached property for, and seek the recovery of a much larger sum by way of interest, besides costs.

5th. Said bond varies from the affidavit and writ, in this, viz: The former recites that the attachment was sued out by, and issued for the plaintiffs themselves, by their agent and attorney, while the latter showed it was sued out by the agent and attorney, as such, at suit of plaintiffs.

6th. The defendant moves the court to quash the pretended duplicate writs issued respectively to the counties of Tunica and Bolivar in this cause, because the clerk who issued the original writ did not endorse thereon that they are duplicate writs to said counties, founded on the same cause of action with the original.

7th. And because they are not *correct* duplicates in description. The original to Coahoma recites in the beginning that Thomas Christian, etc., while said pretended duplicates say the Columbus Life and General Insurance Company had so complained.

8th. Defendant also moves the court to quash the returns, and discharge the levies made respectively by the sheriffs of Coahoma, Tunica and Bolivar counties, upon said three writs, because on said so-called duplicate to Bolivar county, the sheriff's return fails to show that the lands mentioned were levied upon or attached as the property of the defendant or of any one else.

9th. And because in the aforesaid writs to Bolivar and Coahoma counties the levies made by the respective sheriffs of those counties are such as are proper under the statute, for wild, uncultivated and unoccupied lands, and yet said sheriffs fail to state that fact affirmatively in their respective returns, as they are required to do by the statute in such cases provided.

10th. And because it does appear affirmatively from the full return made by the sheriff of Tunica, upon the writ issued to that county, that said writ was not correctly *levied* by him according to the directions of the statute in such cases provided.

This motion was overruled by the court, and to the action of the court in this respect, the defendant filed his bill of exceptions. And on the 21st day of December, 1867, the defendant filed the following additional plea, to-wit: That the time the said bills of exchange mentioned in the plaintiffs' declaration were accepted, the time they were executed or drawn, viz: the 4th of March, 1862, and 22d of March, 1862, and

the time they became due and payable, to-wit: in December, 1862, the State of Mississippi, in league with Alabama and other States of the United States of America, was engaged in a civil war against the government of the United States, known, and being noted as the Confederate States government, and defendant says that said Confederate States government issued as representatives of value, notes known as the notes of the Confederate States, and that said bills of exchange were accepted to be paid at maturity in Confederate notes, for the amount of said bills of exchange, and that said Confederate States money was, at the time of the maturity of said bills of exchange in relation to the lawful money of the United States, worth only one-tenth of the value of lawful money of the United States, and thereupon the defendant says that the said plaintiffs ought not to recover from him any other or greater sum than the value of the said Confederate notes at the time the said bills of exchange matured, and this he is ready to verify. Therefore he prays judgment, etc.

At the April term, 1868, the plaintiffs, by their replication to said last mentioned plea, deny the allegations thereof, and pray that the same may be inquired of by the country, whereupon the cause was submitted to a jury, who returned a verdict for the plaintiffs for $9,511; whereupon the defendant moved the court to set aside the verdict, for the following reasons, to-wit:

1st. Because the court erred in refusing the defendants' first, third, and fourth instructions as asked.

2d. Because the jury found their verdict contrary to the evidence.

3d. And because the jury found their verdict contrary to the law and instructions of the court.

The court overruled the motion, and rendered judgment on the verdict for the plaintiffs, and from this judgment the defendant prosecutes this writ of error, and makes the following assignments of error:

1st. The court below erred in overruling the motion of the

defendant to quash the writs of attachment to Coahoma, Tunica, and Bolivar counties, for the reasons assigned.

2d. The court erred in overruling the motion of the defendants to quash the returns on the said writs of attachment for the reasons assigned.

3d. The court erred in overruling the motion of the defendant for a new trial, for the reasons assigned.

The object of this process, as it is now regulated by usage and by statute, is to give the creditor, upon the commencement of his suit, a lien upon the real estate of his debtor. It is a branch of that system of policy which charges the real estate of a debtor with the payment of his debts both during his life and after his decease. By attachment, no estate passes, no interest vests in the creditor, neither the interest nor possession of the debtor is divested, nor does the officer or creditor acquire any right to take the issues or profits. It constitutes a real lien, which can be made available only upon the condition that he shall recover a judgment in that suit.

The first reason assigned in the motion to quash the writs of attachment is, that the bond was not executed by the plaintiffs as required by the statute, which provides that any corporation, under its corporate seal and the signature of its president, may execute all bonds which shall be necessary, at the commencement or during the progress of any cause, to a final determination, and such bonds shall be binding on the corporation. Rev. Code, 292, art. 7. The obligors in the bond are the Columbus Life and General Insurance Company, Joseph P. Billups and A. S. Humphries. And it is stated in the bond that it was sealed with their seals. If this be true, it must have been sealed with the corporate seal of said insurance company, because they have no other seal. And as A. S. Humphries affixed his name twice to the bond, the law presumes, in the absence of all proof to the contrary, that he attached his name to the corporate seal in his official character, as president of said company, and then attached his signature, after that of Joseph P. Billups, to a scroll rep-

resenting his seal, in his private and individual capacity, as surety for his principal, the said insurance company. In no other way can his double signature to said bond be rationally accounted for. And the fact, that N. E. Goodwin, as Secretary, who was probably the custodian of the corporate seal, countersigned the bond, to which was attached a scroll, indicating the *locus sigilli*, goes to show the solemnity with which the instrument was executed, and to sustain the conclusion at which we have arrived, that the bond was executed by said insurance company under their corporate seal and the signature of their president. Where acts are of an official nature, a presumption arises in favor of their due execution. In such cases, the maxim of *omnia presumuntur rite esse* applies.

The second ground assigned to quash the bond is not true in point of fact, as John M. Billups is not named in any part of the bond. And the third ground that the bond was blank when executed, and afterwards filled up in the absence of the obligor, is not sustained by any evidence. And the fourth ground, that the bond is only in an amount double the the face of the papers sued upon, is no valid objection to the bond. Nor is there anything on the fifth objection to justify the quashing of the attachment. The defendant moved the court to quash the duplicate writs of attachment issued to Tunica and Bolivar counties respectively, in this cause, because the clerk did not endorse thereon that they were duplicate writs, founded on the same cause of action with the original. And because they were not correct duplicates in description.

It is insisted by counsel for the plaintiff in error, that the clerk who issued these writs should have endorsed thereon that they were duplicates of an original writ issued to Coahoma county, in order to indicate and preserve the unity of the action. In answer to this objection, it is sufficient to say the statute does not require such endorsement. The facts, that the three writs are in the name of the same plaintiffs, against the same defendant, for the same claims, and return-

able to the circuit court of Coahoma county, in which the suit was institutued, clearly identify the action. Wherever it is necessary that a writ, issued to another county than that in which the suit is instituted, should be endorsed as duplicate, the statute so provides, as in art. 66, of the Rev. Code, 489. But art. 16 of the same Code, 378, authorizing writs of attachment, does not require such endorsement, and we are not disposed to interpolate upon the statute. And as the writs are all substantially the same, the objection, that these are not correct duplicates, cannot be sustained.

The defendant below also moved the court to quash the returns made upon the writs issued to Coahoma, Bolivar and Tunica counties; because as to the duplicate to Bolivar county, the return fails to show that the lands levied on were attached as the property of defendant. And this presents the important question, whether it is necessary to the validity of an attachment of real estate, and of the title derived through it, that the return should state the property to be the defendant's. In Alabama, on a writ of error by the defendant to reverse a judgment, because the return on the attachment did not so state, it was held that a positive affirmation by the sheriff, that the property belongs to the defendant, would have no influence upon the question of title, and could not be more potent than a levy unaccompanied by such declaration, and that the return was sufficient without it. Drake on Attachment, 159, § 238; Lucas v. Godwin, 6 Alabama, 831; Kirkley v. Bates, 1 Alabama N. S., 303, and Miller v. McMillan, 4 Alabama, 527.

The sheriff is an officer placed under great responsibility by the law, which defines his duties. He pledges to the public under the solemnity of an oath, his integrity and diligence, and consequently every reasonable intendment must be made in favor of the regularity of his official acts. When he receives process requiring him to levy upon the property of a particular individual, and he returns it according to its mandate, with his endorsement, stating that he had levied the same on property (particularly describing it), we must intend

that the property levied on belonged to the defendant, because the process only authorized a levy upon his property. It is insisted that, as the levies made under the writs to Coahoma and Bolivar counties are such as are proper under the statute, for wild, uncultivated or unoccupied lands, the sheriffs should have stated affirmatively in their respective returns, that the lands attached were wild, uncultivated or unoccupied. The statutes provides that in the event the land is wild, uncultivated or unoccupied, a return upon the writ, by the proper officer, that he has attached the land, giving a description thereof, by the numbers, metes and bounds, or otherwise, shall be a sufficient levy without going upon the land. Rev. Code, 374, art. 7. These returns are in accordance with the statute, and are *prima facie* good, and must be so regarded until shown to be untrue by evidence.

Where the statute does not require the officer to go upon the land, it is not necessary that he should do so, or that he should do any other act than make return upon the writ, that he had attached it. Crosby v. Allen, 5 Maine, 453 ; Perrin v. Loverett, 13 Mass., 128, and Taylor v. Mixter, 11 Pickering, 341.

If the return of the writ of attachment be certain on the face of it, and substantially conforms to the statute, that is sufficient, and the court cannot intend facts inconsistent with it, for the purpose of making it bad.

It is contended that the return upon the writ to Tunica county, shows an insufficient levy upon the land in that county. That return shows that the sheriff levied said writ upon the lands of the defendant in said county, giving a full description of them, and notified the defendant's agent, J. S. McPeak, then living on and having the possession and control of said land, of the said levy. He also states that he left a copy of the writ of attachment with said McPeak, the agent and manager of the defendant, residing · upon the premises attached. This levy, although not in the precise language of the statute, is a substantial compliance with it, and must be regarded as a good and sufficient levy of the

attachment.  To require a strict adherence to the letter of the law, in the execution of civil process, would be an unseemly nicety of construction, which would often defeat the purposes of the law and the ends of justice.   *Qui heret in litera, heret in cortice,* is a maxim of the law, which applies to the construction of statutes as well as other instruments.   And in interpreting an act of the legislature, it is not, in general, a true line of construction to decide according to the strict letter of the act; but the court will rather consider what is its fair meaning, and will, when necessary, expound it differently from the letter, in order to preserve the intent.   The meaning of particular words in statutes as well as in other instruments, is to be found in the subject or occasion on which they are used, and the object that is intended to be attained.   The letter is made to yield to the reason and spirit of the law.   Griffin v. Mills, 40 Miss., 611. And statutes made relative to the administration of justice, are to be liberally construed for the attainment of that important object.   1 Gill., 66.   And our statute expressly requires that the attachment laws shall be construed in all courts of judicature in the most liberal manner, for the detection of fraud, the advancement of justice, and the benefit of creditors.   Rev. Code, 382, art. 44.

We come now to the consideration of the last assignment of error, which impeaches the propriety of the action of the court below in overruling the defendant's motion for a new trial.   The first ground of said motion was the refusal of the court to give the following instructions asked by the defendant, to-wit :

1st.  Defendant asked the court to instruct the jury, that if they believe from the evidence that the consideration of the bills sued on, was Confederate States treasury notes, the contract was illegal and void, and they will find for the defendant.

2d.  That although the plaintiff may have replied to the second plea, still if the replication was not read to the jury, it cannot be considered by them.

3d. That a replication written in pencil is in law no replication, and the jury in rendering their verdict will assume the value of Confederate money as set up in the second plea, of defendant, to be the correct estimate to be put upon it. We think the court did not err in refusing to give these instructions. And the second and third grounds of the motion for a new trial are equally untenable. We think the verdict is in accordance with the law and the evidence in the case. The court did not, therefore, err in overruling the motion for a new trial.

Let the judgment be affirmed.