HORACE HITCHCOCK ET AL v. FREDERICK HAHN AND GUSTAVE HAHN.

60 459
61 234
60 459
98 197

60 459
d107 221

*Attachment suit—Return by officer of seizure of property on teste day of writ, and defendants not found—If writ filed on return day, not prematurely returned—Return of non-service refers to date of filing—Return that officer cannot find the defendants, is equivalent to certifying that neither defendant could be found—Execution—Failure of attorney to indorse direction to officer, under How. Stat. §§ 8008-9, not ground for reversal—May subject attorney and officer to suit for damages for injury arising from such non-compliance.*

1. A sheriff, in his return to a writ of attachment issued January 18 and returnable February 5, certified to the seizure of property thereunder

on January 18, and further returned that he was unable to find the defendants in his bailiwick. ·The writ, with the return indorsed, was filed *on* the return day.

*Held*, that the return was not premature; that the certificate of his inability to *find* the defendants had no reference to the *date* of the seizure, but took effect from the *date of filing;* that this is the natural construction, and is supported by the presumption in favor of the discharge of official duty by the officer.

2. Where there is more than one defendant to an attachment suit, a return by the sheriff that he cannot find the defendants is equivalent to certifying that *neither* could be found, and would be false if one was found, or could have been served with the process.

3. The failure of the attorney for an attaching creditor, in a case where defendant is not personally served and does not appear, to indorse on the execution issued therein a description of the property attached, with a direction to the officer to sell the same, or so much thereof as may be sufficient to satisfy such writ, and not to levy the same upon any other property, as required by How. Stat. §§ 8008-9, cannot be taken advantage of on writ of error. While such non-compliance with the statutory requirements might subject the officer and attorney to a suit for *damages* for any *injury* arising therefrom, it does not constitute a ground for a reversal of the judgment.

Error to St. Clair. (Stevens, J.) Argued February 19, 1886. Decided April 8, 1886.

Attachment. Defendants bring error. Affirmed. The facts are stated in the opinion.

*E. G. Stevenson* (Stevenson & Phillips), for appellants:

All of the proceedings in the case on the part of the sheriff were taken on January 18, the date the writ was issued. The appraisal of the attached property was made that day, as appears by his return, and on the same day he made his return that he was unable to find the defendants. Such a return, made before the return day, conferred no jurisdiction on the court: *Withington v. Southworth*, 26 Mich. 381; *Nicolls v. Lawrence*, 30 Id. 395; *Town v. Tabor*, 34 Id. 262; *Manhard v. Schott*, 37 Id. 234; *Brown v. Williams*, 39 Id. 755; *Myers v. Prosser*, 40 Id. 644; *Michels v. Stork*, 44 Id. 2; *Kraft v. Raths*, 45 Id. 20.

The return of the sheriff that he was unable to find the defendants was insufficient under How. Stat. § 8003, which requires that the return shall show that *neither* of the defendants can be found, etc.

The failure of the attorney to make the required statutory indorsement on the execution issued on the judgment, was error:   How. Stat. § 8009.

*Frank Whipple* and *James L. Coe*, for plaintiffs.

[No authorities cited on the points decided.—REPORTER.]

CHAMPLIN, J.   Plaintiffs recovered judgment in the circuit court for the county of St. Clair in a suit commenced by attachment.   The affidavit was made and writ issued January 18, 1884, and returnable February 5th of that year.

No personal service was obtained upon the defendants, but property belonging to the defendants was attached, and the proceedings thereafter to judgment were in conformity to the statute in cases where property is attached and no personal service is had.

Various irregularities are alleged in the proceedings, by reason of which it is claimed that such proceedings are rendered void for want of jurisdiction.   The objection most relied upon is that the writ was prematurely returned.   The return day was the fifth day of February, 1884.   The sheriff's return states that "I have, on this eighteenth day of January, A. D. 1884, attached the following property," etc., and then it concludes:   "And I do further return that I am unable to find the defendants in said attachment named in the limits of my bailiwick.   The answer of F. L. Follensbee, Sheriff."   This writ, with the return indorsed thereon, was filed in the clerk's office on the fifth of February, that being the return day thereof.

It is insisted that the return shows that the return of the sheriff that he was unable to find the defendants was made upon the eighteenth day of January.   In this counsel for defendants is mistaken.   The date at the commencement of the return refers to the time of seizure, and the further return has no reference to the first date, but takes effect from the filing, which was on the return day.   This construction is the natural one, and has its support in the presumption that the officer has done his duty.

It is further objected that the return should have stated

that neither of the defendants could be found, and that a return that the defendants could not be found is not sufficient; but we think that the greater includes the lesser, and, where there is more than one defendant, a return that the sheriff cannot find the defendants in the attachment is equivalent to saying that neither could be found, and would be false if one was found or could be served.

Objection is also made by the defendants to the sale made by the sheriff under the execution.

The statute provides that when a copy of the attachment shall not have been served, and the defendant shall not have appeared in the suit, judgment shall be rendered, and execution may issue in the same form as if such copy had been personally served; but such judgment shall not be conclusive against the defendants, and such execution shall only authorize the officer to whom it is directed to sell the property attached in such suit; and the attorney issuing the execution shall indorse thereon or annex thereto a description of the property so attached, with a direction to the officer to sell the same, or so much thereof as may be sufficient to satisfy the execution, and not to levy the same, or any part thereof, upon any other property: How. Stat. §§ 8008, 8009.

In this case the execution was issued upon the judgment and levy made upon the property attached, but without the indorsement thereof by the plaintiffs' attorney required by statute. This was a proceeding after the judgment was perfected, and it is not perceived how this objection can be taken advantage of upon writ of error. It certainly could not render the judgment and prior proceedings void, and while such non-compliance and proceeding under the execution might not afford a protection to the officer or attorney from damages for any injury arising from a failure to comply substantially with the terms of the statute, it does not constitute a ground for a reversal of the judgment.

There appearing to be no error in the record anterior to judgment, it is affirmed.

The other Justices concurred.