## MARY T. HORTON v. ELIPHALET MONROE.

*Attachment—Sufficiency of affidavit—Publication of notice—Return of officer.*

1. The day allowed by How. Stat. § 7987, subd. 6, to intervene between the date of the jurat to an affidavit for attachment and the issuance of the writ, does not begin to run until after the expiration of the day upon which the affidavit is executed, and the writ may issue after the expiration of said intervening day.[1]

2. How. Stat. § 8003, which authorizes the publishing in of a defendant in attachment if it appear by the return that he could not be found, does not contemplate a search in the sense that the sheriff must make a tour of the entire county to find the defendant, and a return that, after diligent inquiry, he is unable to find the defendant named in the writ, as therein com-

[1] See *McPherson v. McGillis*, 93 Mich. 525, and *Lumber Co. v. Lyon*, 95 Id. 584, holding that this provision of the statute does not apply to proceedings by attachment under the log-lien law. See, also, *Adams v. Circuit Judge, ante,* 53.

manded, is sufficient; citing *Hitchcock v. Hahn*, 60 Mich. 459.[1]

3. Where the appraisals of attached property are referred to in and form a part of the return, they must be considered in connection therewith.

4. A return by a sheriff to a writ of attachment, which commands him to seize the property of the defendant therein named, that by virtue of the command of the writ he has levied upon certain described property, sufficiently shows that the property taken belonged to the defendant.

5. The lien of a plaintiff in attachment is not lost by the neglect of the sheriff to return the writ until the day after the return-day, and, if personal service has failed, proceedings to publish in the defendant, based upon such return, which shows the necessary statutory facts, may properly be taken.

6. An affidavit that a notice in attachment has been published once in each week for six successive weeks, commencing August 31, and ending October 5, shows a sufficient publication, it appearing that the affidavit and the declaration were filed November 9; citing *Colton v. Rupert*, 60 Mich. 318.[2]

Error to Kalamazoo. (Buck, J.) Submitted on briefs November 24, 1893. Decided December 22, 1893.

Ejectment. Defendant brings error. Reversed. The facts are stated in the opinion.

*Kinnane & French*, for appellant.

*Howard & Roos*, for plaintiff.

McGRATH, J. This is ejectment. The defendant, upon

---

[1] See *White v. Prior*, 88 Mich. 647, holding that a return by a sheriff that he used due diligence in trying to get service of a writ of attachment is not equal to a return that the defendant could not be found, and that courts are not justified in drawing that inference from such a return.

[2] For cases bearing upon the sufficiency of an affidavit of publication, see:

1. *Feustmann v. Estate of Gott*, 65 Mich. 592, holding that an affidavit averring due publication of a probate order once in each week for three successive weeks, the first insertion being on March 20, and the last not being given, but the date of the jurat being April 10, is sufficient proof of publication.

2. *Wilkinson v. Conaty*, 65 Mich. 615, holding that an affidavit stating that the notice has been published once in each week for four successive weeks, giving the date of the first publication, sufficiently specifies the *times when it was published.*

the trial, made title to the premises in question through a sheriff's sale that had been made by virtue of a judgment in a suit commenced by attachment against one Hurd, who was published in under How. Stat. § 8003, and who quitclaimed to the plaintiff. Plaintiff insists that the attachment proceedings are void by reason of certain jurisdictional defects, which will be taken up in the order presented.

1. That the affidavit for the writ was sworn to July 25, and was not filed until July 27. The statute provides that the affidavit shall not be deemed insufficient by reason of the intervention of a day between the date of the jurat and the issuing of the writ.[1] The statute permits the intervention of a day between the date of the jurat and the act or date of issuing the writ. The time provided does not begin to run until the expiration of the day upon which the affidavit is executed, and the writ may issue after the expiration of the intervening day.

2. That the return of the sheriff does not show that he made diligent search for the defendant. The return recites "that, after diligent inquiry, I am unable to find Charles Hurd, the defendant named in this writ, as I am commanded." The writ commanded the sheriff to summon defendant, "if to be found." Section 8003 authorizes the publication if it appear by the return of the writ that neither of the defendants could be found. The statute does not contemplate a search in the sense that the sheriff must make a tour of the entire county to find the defendant, but a determination by the sheriff that he has been unable to find him within the life of the writ. A return that "I am unable to find the defendants in said attachment named" was held good in *Hitchcock v. Hahn*, 60 Mich. 459.

3. That the return of the sheriff shows that all the

---

[1] How. Stat. § 7987, subd. 6.

property attached was appraised by B. C., O. N. G., and G. E. C., while the appraisals show that one parcel was appraised by O. N. G. and G. E. C., and the other by B. C. and O. N. G. The appraisals were referred to in and attached to the return, and form a part thereof, and must be considered in connection therewith. The affidavit negatives the assertion made in the brief that the three were sworn to appraise both parcels.

4. That it does not appear from the return of the sheriff that he attached any property belonging to the defendant. The officer was commanded by the writ to seize property of the defendant. He returns that by virtue of that command he has levied upon the property described. The fair and reasonable intendment in such case is that the property taken belonged to the defendant. The process only authorized him to levy upon property of defendant, and the return is aided by the presumption that, having acted, he has done so in accordance with the mandate of the writ. Although there is a conflict of authority upon the question, there are numerous cases which support the view which we have taken. Wap. Attachm. 252; Drake, Attachm. §§ 207, 238; *Johnson v. Moss*, 20 Wend. 145; *Bickerstaff v. Patterson*, 8 Port. (Ala.) 245; *Lucas v. Godwin*, 6 Ala. 831; *King v. Bucks*, 11 Id. 217; *Saunders v. Insurance Co.*, 43 Miss. 583; *Rowan v. Lamb*, 4 G. Greene, 468; *Banister v. Higginson*, 15 Me. 73; *Robertson v. Kinkhead*, 26 Wis. 560; *Willis v. Mooring*, 63 Tex. 340. That the levy was made in the county will also be presumed. *Knowles v. Coke Co.*, 19 Wall. 58; *Gilbert v. Brown*, 9 Neb. 90.

5. That the return was not made until the next day after the return-day. No action was in fact taken until the return was actually filed. Every fact necessary to authorize the publication was a matter of record before publication was made, and before judgment was rendered. The levy had been made and recorded several days before

the return-day, and plaintiff in that proceeding could not be said to have lost his lien by the laches of the sheriff. The Massachusetts cases, *Russ v. Butterfield,* 6 Cush. 242, and *Williams v. Babbitt,* 14 Gray, 141, which are cited in support of plaintiff's contention, hold that the sheriff could not justify under process which he failed to return, or returned too late; but I find no case which holds that the failure of the sheriff to make his return until the next day after the return-day releases plaintiff's lien. In *Bancroft v. Sinclair,* 12 Rich. Law, 617, the writ ran against an absent debtor, and the rights of other creditors had intervened; yet the court allowed a return *nunc pro tunc.* In *Wilder v. Holden,* 24 Pick. 8, it was held that the return of the officer was competent to prove the attachment, although the writ was not returned. See, also, *Firth v. Haskell,* 148 Mass. 501; *Ritter v. Scannell,* 11 Cal. 238; *Reed v. Perkins,* 14 Ala. 231; *Willis v. Mooring,* 63 Tex. 340.

6. That the affidavit of publication shows that the first publication was on August 31, and the last on October 5. The affidavit sets forth that the notice was published once in each week for six successive weeks, and gives the dates of first and last publication. This affidavit was filed November 9, and the declaration was filed on the same day. The point is ruled by *Colton v. Rupert,* 60 Mich. 318.

The court was therefore in error in ruling that the proceedings in the attachment suit were void, and the judgment is reversed, and a new trial ordered.

The other Justices concurred.