JAMES E. WIGGIN *vs.* NATHAN K. ATKINS & another.

Essex.    Nov. 7, 1883. — Jan. 14, 1884.    W. ALLEN & HOLMES, JJ., absent.

An officer, who fails to complete an attachment of property by returning the writ upon which the attachment is made, cannot, after judgment against him in an action by the owner of the attached property, maintain an action against the obligors in a bond, given to the officer by the attaching creditor, to indemnify the officer against liability by reason of the attachment.

The testimony of a referee, to whom is referred an action against an attaching officer by the owner of the attached property, as to the reasons for his award against the officer, upon which judgment is rendered, is incompetent and immaterial in an action by the officer against the obligors in a bond, given to him by the attaching creditor, to indemnify him against liability by reason of the attachment, although the obligors were notified of the action against the officer, and defended it.

MORTON, C. J.    This is an action on a bond, the condition of which is, in substance, that whereas Wiggin, as a constable, has attached a horse, wagon, and harness, as the property of one Heffernan, in a suit brought by the defendant Atkins against said Heffernan, returnable to the Police Court of Lynn, " now therefore if the said Nathan K. Atkins, his heirs, executors, or administrators, shall at all times hereafter well and truly indemnify and save harmless the said James E. Wiggin, his heirs, executors, and administrators, of and from all suits, damages, and costs whatsoever, whereunto he or they or any of them may be liable, or obliged by law to pay to any person or persons by reason of the said attachment, or of any further intermeddling of said Patrick J. Heffernan by virtue of said process, then the above obligation shall be void."

At the trial in the Superior Court, the plaintiff proved the execution of the bond, it being dated July 25, 1881.

In order to show a breach of the condition, the plaintiff testified that, on July 25, 1881, a writ was put in his hands in favor of said Atkins against said Heffernan; that he attached the horse of Heffernan, and served a summons upon him; that,

immediately after this service, he discovered that the writ was dated July 24, 1881, which was Sunday; that he called the attention of the plaintiff's attorney to this mistake, who changed the date to July 25, 1881, and thereupon he made a new service upon Heffernan, and again attached the horse; that afterwards Heffernan brought a suit against him for seizing and detaining the horse, which by agreement was submitted to a referee, who made his award against the plaintiff in this suit, and judgment was rendered against him upon the award; that the present defendants were notified of this suit of Heffernan's, and appeared and defended it.

Probably the first attachment made was valid, as the mistake of the date of the writ might have been explained. But, according to our practice, the attorney had the right to change the date and reissue the writ, and a new attachment might be made upon it after the change. *Gardner* v. *Webber*, 16 Pick. 251. Having abandoned the first attachment, the plaintiff's rights must depend upon the validity of the second one. We see no reason to doubt the legality of this second attachment, if the plaintiff had duly returned the writ into court. The horse was in his custody and possession; it would be a mere empty form to return it to the defendant and reseize it. As the officer's possession was not obtained by any fraud or unfair practices, it is like the case of a second attachment of property in the hands of an officer by a prior attachment, where a formal reseizure is not necessary, but it is sufficient if the officer minutes and returns the second attachment. *Gile* v. *Devens*, 11 Cush. 59. *Turner* v. *Austin*, 16 Mass. 181.

But in order to perfect an attachment and make it available as a justification for seizing the property attached, it is necessary that the officer should return the writ to the court with his return thereon. *Paine* v. *Farr*, 118 Mass. 74, and cases cited. At the trial of this case, the plaintiff produced no evidence that he had returned the writ of Atkins against Heffernan, upon which the second attachment was made. On the contrary, it appeared that the writ had never been returned to the court to which it was returnable. There was no evidence of any agreement with Heffernan that it should not be returned, or of any other excuse for not returning it. The consequence is, that there

was no legal defence to the suit of Heffernan against the pres-
ent plaintiff for seizing the horse.  By failing to return the writ,
the officer made himself liable as a trespasser *ab initio*, and this
liability arose solely from his own neglect.  The defendants
ought not to be held responsible for a liability thus incurred.
They had a right to expect that the plaintiff would do his duty
as an officer, and duly perfect his attachment by a return of the
writ.  His failure to do so was negligence on his part, and he is
not entitled to look to the obligors in the bond to indemnify him
against the consequences of his own negligence.

The testimony of the referee as to the reasons for his award
was incompetent and immaterial.  A sufficient legal reason for
the plaintiff's liability to Heffernan was, that he could show no
attachment, because he had not completed it by duly making
his return.  As we have before said, the defendants are not
bound to indemnify him for his payment of a liability caused
by his own negligence.  The Superior Court therefore rightly
ruled that, upon the evidence, the plaintiff could not maintain
his action.                              *Exceptions overruled.*

*N. D. A. Clarke*, for the plaintiff.
*H. P. Moulton*, for the defendants.