GEORGE A. COUSINS *vs.* MARSHALL H. ALWORTH and another.

November 17, 1890.

**Evidence—Record of Attachment of Real Property.**—The record in the office of the register of deeds of an attachment of real property, which attachment has been made in conformity with the provisions of Gen. St. 1878, *c.* 66, §§ 151, 160, relating to the attachment of real property, is admissible in evidence on the trial of an action involving the title to said property.

**Same—Writ and Indorsed Certificate — Delay in Return.**—The original writ, with the sheriff's certificate of an attachment of such property indorsed thereon, is also admissible in evidence at such trial, although the same was not returned and filed with the clerk of the court until long after the entry of judgment.

**Action for Money against Non-Resident — Entry and Docketing of Judgment.**—In an action for the recovery of money only, brought against a non-resident on whom personal service of the summons cannot be made, the plaintiff is entitled to have his judgment entered and docketed, in form, upon complying with the requirements of Gen. St. 1878, *c.* 66, § 210, subd. 3.

**Attachment of Real Estate — Sufficiency of Return.**—The sheriff who attached the real property in question made return that he had attached it "as the property of" the defendant. *Held,* that such return was sufficient.

Appeal by plaintiff from an order of the district court for St. Louis county, *Stearns*, J., presiding, refusing a new trial after trial by the court and judgment ordered establishing defendants' title as owners of the 1,623.48 acres of land in that county described in the complaint.

*W. Hammons* and *J. A. Payne*, for appellant.

*Draper & Davis*, for respondents.

COLLINS, J.  This action was brought to quiet the title to certain real property claimed by both parties.  There was no controversy over the facts.  One Linnie V. Atwater was the owner of the property on September 20, 1886.  She was not then, and never has been, a resident of this state.  The plaintiff's claim is based upon a deed in due form, executed, acknowledged, and delivered to him by said Atwater on March 12, 1890, while the defendants' adverse claim of title depends upon the sufficiency and regularity of the proceedings in an action to recover the amount of two promissory notes, brought in the district court for the county wherein the land was and is situate, in which action one Wendall was the plaintiff and said Atwater the defendant.  The latter was proceeded against as a non-resident, the land actually attached in the manner prescribed by statute, the summons published, and thereafter, upon affidavit of no answer, judgment was entered and docketed in favor of plaintiff Wendall and against defendant Atwater, for the amount due on said notes.  This was on the 26th day of November, 1886.  Subsequently an execution was issued, and the attached property sold at execution sale, January 17, 1887, to the judgment creditor. There was no redemption from the sale, and on December 19, 1889, the land was sold and conveyed by the purchaser at the sale to the defendants.  On January 20, 1890, but not before, the sheriff who made the attachment filed the original writ, with his return thereon, in the office of the clerk of the district court.  It stands conceded by the appellant that all of the proceedings were proper, regular, and adequate in every particular, except in respect to the return to the clerk of the court of the original writ with the sheriff's certificate thereon.  As before stated, this was not done until long after the execution sale through which defendants acquired title to

the land, if acquired at all. The appellant asserts with great earnestness that the failure of the sheriff to return and file the writ, with a proper certificate as to his execution of the same indorsed thereon, prior to the entry of judgment, was a fatal omission in the proceedings, and, further, that, in any event, the certificate finally made and filed was insufficient and defective.

1. An action against a non-resident, although in form *in personam*, is in effect *in rem*, and it is only by attaching property that the court acquires jurisdiction to further proceed, and then only to the extent of the property attached. *Kenney* v. *Goergen*, 36 Minn. 190, (31 N. W. Rep. 210.) Such actions are authorized, and the procedure is regulated, by sections 64, 65, 68, 70, and various sections found in title 9 (which relates to attachments in district court) of chapter 66, Gen. St. 1878; and, were it not for some of these sections, the right to proceed against a non-resident upon whom personal service of a summons could not be made within this state, would not exist. Section 64 prescribes the cases in which a summons may be constructively served by publication. A certain return must be made upon the summons by the sheriff of the county in which the action is brought, and this return is made *prima facie* evidence that the defendant cannot be found within the state. An affidavit containing certain statements must be filed with the clerk, and such filing is a condition precedent to an authorized publication of the summons. *Barber* v. *Morris*, 37 Minn. 194, (33 N. W. Rep. 559.) And in this affidavit it must be stated that the defendant has property within the state subject to attachment. *Feikert* v. *Wilson*, 38 Minn. 341, (37 N. W. Rep. 585.) Proof of the publication of the summons must be made as provided by the second subdivision of section 68. The provisions of the statute in relation to attachments are not found in connection with the sections which regulate proceedings against non-residents, but elsewhere,—in title 9, before referred to. By section 151, which is general in its application, it is provided that real estate shall be attached by the officer leaving a certified copy of the writ, and of his return of such attachment thereon, at the office of the register of deeds of the county in which the land is situated, and, when the defendant cannot be found in the county, no

further act or ceremony is required to complete the attachment. It is further provided, by section 160, that whenever any real estate has been attached, it shall be bound, and the attachment shall be a lien thereon, from the time that a certified copy of the same, with a description of the real property seized, has been delivered for record in the office of the register before mentioned. Now all of these statutory steps were taken in this instance, and it must be evident that when the sheriff complied with the law, the attaching creditor had secured a lien on the real property in question, and, also, that when the summons had been published the specified period of time, proper service had been made. The statute exacted these formalities, and nothing more. The judgment-roll need not contain either writ or return of the officer. To be sure, it was the duty of the sheriff to make due return of the writ to the court from whence it emanated, when it had been fully executed or discharged, (subdivision 7, § 151; § 159,) but the statute nowhere makes the performance of this duty a preliminary or a condition to a proper trial of the case upon the issues, or to an entry of judgment for want of answer. Reasons for this readily suggest themselves. Should the plaintiff, for any cause, fail to recover in his action, the sheriff should discharge the attachment, and, in case personal property had been taken into his actual custody, it would be his duty to deliver up possession of the same to the proper party. It would then be incumbent upon him to return the writ, fully certifying the facts. This would, of necessity, have to be done after the time appellant insists the writ in this case should have been returned. Again, while a sheriff who has attached real property or certain kinds of personalty might, without hazard, make immediate return to the clerk by filing the writ with his certificate of service, he could not safely do so in case he had seized and taken into actual custody personal property capable of manual delivery. As authority for keeping possession of the attached property, the officer should retain the writ in his own hands until it has been fully executed, either by a discharge of the attachment or by being superseded through the issuance and delivery of a writ of execution. In *Cooper* v. *Reynolds*, 10 Wall. 308, the late Justice Miller, who spoke for the court, stated that in this class of

cases the jurisdiction of the court to proceed depended upon the seizure of the property, or, what was equivalent in that instance, the levy of a writ of attachment upon it. If a proper writ has been issued by the court and levied upon property liable to such seizure, and "when," said he, "such a writ is returned into court," the power of the court over the *res* is established. Our attention has been particularly called by appellant's counsel to the above-quoted words, but we are of the opinion that very little importance should be attached to their use by the learned justice. The question now before us was not the one involved or considered in that case. The remark in reference to a return of the writ was merely made in passing, and clearly *obiter*. But, whatever view might elsewhere be taken, we think that subdivision 3, § 210, *c.* 66, Gen. St. 1878, is plain upon this subject, and settles it beyond dispute. It is there provided that, when the summons is served by publication, in actions arising on contract for the recovery of money only, the plaintiff shall be entitled to judgment, upon filing with the clerk proof of such service, and that no answer has been received within the time allowed by law, together with certain security, in the same manner as if the summons had been personally served upon the defendant. So far as the formal entry of judgment is concerned, the proceeding against a non-resident who has been served by publication solely, is, with the exception as to security, the same as it is against a defendant who has been personally served. In the action wherein Wendall recovered judgment, the statutory requirements were literally observed, and thereupon the plaintiff was entitled to have judgment entered and docketed in form. Its worth, when so entered, was another matter, dependent upon whether the defendant had or had not property within the state which had been duly seized under a writ of attachment. If such property had not been seized and levied upon, the entry of judgment was a useless act. *Pennoyer* v. *Neff*, 95 U. S. 714.

In view of the unambiguous provisions of the statute relating to judgment upon failure to answer, it is not essential for us to determine whether the right to enter judgment against a non-resident, upon whom service has been made by publication of the summons only, depends upon the fact that his property has actually been attached

within the state, or on the proof of the fact, made before the entry. But see *Barber* v. *Morris, supra,* as to the effect of an attachment. The ruling of the court as to the admission of the record and of the original writ, in evidence, was correct.

2. The further point is made by the appellant that the certificate and return of the sheriff made upon the writ, which was that he had attached the land, describing it, "as the property of" the defendant, was defective and insufficient. We think not. *Johnson* v. *Moss,* 20 Wend. 145; *Bickerstaff* v. *Patterson,* 8 Port. (Ala.) 245; *King* v. *Bucks,* 11 Ala. 217; *Saunders* v. *Columbus Life Ins. Co.,* 43 Miss. 583; *Banister* v. *Higginson,* 15 Me. 73; *Robertson* v. *Kinkhead,* 26 Wis. 560.

Order affirmed.