## J. W. CROSSON *vs.* ERICK OLSON, Constable.

## July 21, 1891.

**Title to Chattel—Sufficiency of Finding.**—The findings of fact in this
case were justified by the evidence, and on these findings the court be-
low did not err when denying defendant's motion for a new trial.

Plaintiff, having recovered judgment in justice's court against one
O'Brien, caused execution to be issued and to be delivered to defend-
ant Olson, as a constable, who levied upon a refrigerator, which he
afterwards released and delivered to one Lounsbury, who demanded
it as owner. Plaintiff thereupon brought this action in the munici-
pal court of St. Paul, to recover $104.25 damages for defendant's re-
lease of the levy, alleging that O'Brien had since become insolvent.
The defence was that the refrigerator was the property of Lounsbury,
and not of O'Brien. Defendant appeals from an order refusing a
new trial, after trial by the court and judgment of $104.25, with
interest, costs, and $10 penalty, ordered for plaintiff.

*Williams & Schoonmaker*, for appellant.

*William F. Carroll*, for respondent.

COLLINS, J. On the trial of this action by the court, a jury having
been waived, there was testimony produced in plaintiff's behalf
which would have justified the finding of fact that the refrigerator
seized and levied upon by the defendant officer, and by virtue of
the writ of execution previously placed in his hands for service, was
the property of the execution debtor when the levy was made; and
if the court had so found directly, or if there was a finding to that
effect, the order appealed from should be affirmed. That wherein
the court found that defendant levied upon the refrigerator "as of
the property" of the debtor went merely to the fact of a levy, and
was a finding of that fact only. See *Cousins* v. *Alworth*, 44 Minn.
505, (47 N. W. Rep. 169.) It served no other or different purpose. It
cannot be regarded as equivalent to a finding that the article levied
upon was the property of the debtor, or that he had ever been the
owner of it. But the court went a step further, and expressly found

the other allegations of the plaintiff's pleadings to be true. There was much verbiage in the complaint, and an entire failure to allege directly that the debtor owned the property seized and levied upon. But there were averments,—such as that the writ of execution could have been fully satisfied by a sale of the property, and that, by reason of defendant's wilful neglect and refusal so to do, plaintiff had lost his claim,—which seem to have been regarded as having tendered an issue on the question of ownership. Evidently the court as well as the litigants construed the complaint as alleging that the refrigerator belonged to the debtor when seized. His ownership of it was squarely denied by the answer, and the issue thus formed or supposed to exist made prominent upon the trial. We think the complaint must be regarded as alleging enough upon this point. There were no errors committed by the trial court when ruling upon questions pertaining to the admission or exclusion of testimony.

Order affirmed.