## CARSON v. FULLER, Sheriff.

1. As against the owner seeking to recover his property in replevin, the sheriff cannot justify its seizure under an execution on a judgment transcripted from another county; if the execution was delivered to the sheriff before the judgment was docketed in the county in which the transcript was taken.

2. Under Comp. Laws, § 4999, providing that an officer serving an attachment shall make a return within 20 days, the sheriff cannot, as against the owner seeking to recover his property in replevin, justify its seizure under an attachment on which a return was not made within 20 days.

(Opinion filed April 4, 1899.)

Appeal from circuit court, Butte county.    Hon. A. J. PLOWMAN, Judge.

Action by James C. Carson, trustee, against George S. Fuller, sheriff.   From a judgment for plaintiff, defendant appeals.   Affirmed.

The facts are stated in the opinion.

*Temple & McLaughlin* and *T. W. La Fleiche*, for appellant.

*Rice & Polley*, for respondent.

CORSON, P. J.   This was an action in claim and delivery to recover the possession of a stock of goods levied upon, and in the possession of the defendant as sheriff of Butte county. The sheriff justified his seizure and detention of the goods under and by virtue of two executions issued by the clerk of court of Lawrence county upon judgments recovered in that county against one E. J. Ferrall, and also under and by virtue of a warrant of attachment issued against the said Ferrall.   On the trial the defendant introduced in evidence the judgment rolls filed in Lawrence county, and proof that transcripts of the original judgment docket were filed in Butte county. The defendant then offered in evidence executions issued by the clerk of said Lawrence county, which were duly objected to, the objection sustained, and the executions and returns thereon excluded, to which ruling of the court the defendant duly excepted.   It is disclosed by the abstract that each execution bore date one day prior to the filing of the transcript and docketing of the judgment in Butte county, and it affirmatively appears from the abstract that the execution in one case was delivered to the sheriff prior to the docketing of the judgment in that county.   As to when the other execution was

delivered to the sheriff, the record is silent; but we must presume, in favor of the ruling of the court below, and in support of the judgment, that it was not delivered to the sheriff until after the judgment was docketed. It not, therefore, affirmatively appearing that the judgments were docketed in Butte county prior to the delivery of the executions to the sheriff, we are of the opinion that the court below ruled correctly in excluding the said executions. This court held in the recent case of McDonald v. Fuller, 11 S. D. 355, 77 N. W. 581, that, in legal effect, an execution is issued when delivered to the sheriff for execution, and the fact that it bears date one or more days prior to the filing of the transcript and docketing of the judgment in the county to which it is issued does not affect the validity of the execution, if not delivered to the sheriff until after the transcript has been filed and the judgment docketed. In that case the judgment was docketed some three or more days prior to the delivery of the execution to the sheriff, and we think we went as far in that decision in upholding the executions as the statute and law warrant us in doing. In the case at bar; when the executions were delivered to the sheriff they were ineffective, and the court below committed no error in excluding them.

The defendant also sought to justify his seizure and detention of the property under a warrant of attachment issued against Ferrall, the defendant in the attachment suit. On the trial the warrant of attachment was objected to upon the ground that it was not returned to the clerk within 20 days after the seizure of the property. The warrant of attachment was excluded, and the defendant excepted. It appears that on August 13, 1896, the sheriff seized the property in controversy,

and that the warrant of attachment issued and placed in his hands was not returned by him until several days after the expiration of the 20 days allowed by law for making his return. The appellant contends that the court erred in excluding the writ of attachment, and sheriff's return thereon, as the statute requiring the sheriff to make such return within 20 days is directory only. The respondent insists that the statute is mandatory, and that, by the failure of the officer to make his return within the time prescribed by law, he deprived himself of a defense which he might have otherwise made available. Prior to 1887 no time was fixed within which the officer should make his return upon a warrant of attachment, but at the legislative session of that year, Section 203, Code Civ. Proc. (now Section 4999, Comp. Laws), was amended by adding thereto the following words: "And such officer shall within twenty days after making such seizure, file all of said papers, including said inventory and return, with the clerk of the district court who issued the warrant." It would seem, therefore, that prior to 1887 an officer was only required to return his warrant of attachment within a reasonable time. By the amendment, however, the officer is required to make his return within 20 days after making the seizure. The amendment, in effect, fixes a return day for the process, and is mandatory upon the officer. An officer, therefore, seeking to avail himself of the warrant of attachment and return as a defense to an action against him, must show that the return was made within the time prescribed by the statute. 1 Shinn, Attachm. § 220a; Wap. Attch. § 259; Drake Attch. § 210a; Williams v. Babbitt, 14 Gray, 141; Wilder v. Holden, 24 Pick. 8; Russ v. Butterfield, 6 Cush. 242. The court, therefore, committed no error in ex-

cluding the warrant of attachment and return thereon; and the appellant, failing to show any justification for the seizure and detention of the goods, as against the plaintiff, is in no position to question plaintiff's title to the property. Hence the judgment of the court below must be affirmed. The judgment of the circuit court is affirmed.