V. E. MITCHELL v. JOHN D. PIERCE.

Special Term at Brattleboro, February, 1913.

Present: ROWELL, C. J., MUNSON, WATSON, HASELTON, and POWERS, JJ.

Opinion filed May 8, 1913.

*Trover—Defences—Unreturned Writ of Attachment—Necessity of Return.*

Where defendant held an automobile solely because of an attachment thereof in a suit by him against the owner, wherein the writ was never returned or entered in court, though defendant believed it had been duly returned and entered, that attachment was no defence to an action of trover by the owner against defendant for the conversion of the machine, evidenced by his refusal to

surrender it to the owner on his demand made before the expiry of the time limited in the writ for its service and return.

The seasonable return of a writ of attachment is essential to make the attachment lawful *ab initio;* and failure to make such return renders the officer and the plaintiff named in the writ jointly liable for the acts of the former thereunder.

TROVER for an automobile. Plea, the general issue. Trial by court at the September Term, 1912, Windham County, *Butler,* J., presiding. Judgment for the plaintiff. The defendant excepted. The opinion states the case.

*E. W. Gibson* and *A. V. D. Piper* for the defendant.

*Herbert G. Barber* and *Frank E. Barber* for the plaintiff.

POWERS, J. The plaintiff sold the defendant a Flanders automobile under a contract by the terms of which he was to receive therefor four hundred dollars in money and a Rambler automobile then owned by the defendant. The money was paid but the Rambler remained in the defendant's custody at Newfane. Before its delivery difficulties arose between the parties, and on May 18, 1911, the defendant brought a suit against the plaintiff and attached the Rambler, which still remained in his possession. This suit was returnable in twenty-one days from its date, but was never returned or entered in court. On June 2, 1911, the plaintiff made demand upon the defendant for the Rambler and the defendant refused to deliver it, claiming that he was holding it under the attachment above referred to. Soon after, the plaintiff brought this action of trover.

Though the title to the Rambler had passed to the plaintiff under the contract, the defendant's possession of the car was rightful unless made wrongful by the demand and refusal. And it was thus made wrongful unless the attachment afforded a legal justification for the refusal. But the attachment can avail the defendant nothing, for the writ was not returned or entered in court, and for this reason the attempted attachment was a mere trespass, and created no lien. *Moore* v. *Duke,* 84 Vt. 401, 80 Atl. 194, and cases cited. It is usually said in such cases that the officer who fails to return his writ becomes a trespasser

*ab initio;* but as was pointed out in *Gibson* v. *Holmes,* 78 Vt. 110, 62 Atl. 11, 4 L. R. A. (N. S.) 451, it is more accurate to say that a return is necessary to make the attachment lawful *ab initio.*

The defendant argues that the property was during the life of the writ in the custody of the law; but this is not so. The rights of the officer were wholly contingent upon a proper return of the process—without which he was left as to all matters, both of offence and defence, as though he had acted without process.

Inasmuch as the defendant acquired no lien by the attachment, the right of possession was, at the time of the demand, in the plaintiff; and wrongfully to withhold this was a conversion, *Alvord* v. *Davenport,* 43 Vt. 30, for the defendant was as much a trespasser *ab initio* as was the officer. *Gibson* v. *Holmes,* 78 Vt. 110, 62 Atl. 11, 4 L. R. A. (N. S.) 451.

Nor is the situation affected by the fact that the defendant supposed the writ would be properly returned and entered and acted thereon in good faith, for as was said in *Riford* v. *Montgomery,* 7 Vt. 411, "in most cases of conversion the defendant claims a right or supposes he has a right, and it is never made to depend on the fairness of his intentions, or what he may suppose as to his rights."

*Judgment affirmed.*