INTERSTATE SURETY COMPANY, Respondent, v. BANGASSER et al, Defendants (Danciger Oil & Refining Co., Intervenor, Appellant).

(211 N. W. 599.)

(File No. 5926.   Opinion filed December 31, 1926.)

1.  Attachment—Liens—Judgment Creditor Having Lien on Real Property Attached Could Apply for Dissolution of Attachment (Rev. Code 1919, § 2448).

    Judgment creditor, having lien upon debtor's real estate subsequent to attachment lien, could apply for dissolution of attachment, under Rev. Code 1919, § 2448, upon any jurisdictional grounds.

2.  Venue—County Where Venue Was Originally Laid Had Jurisdiction to Vacate Attachment, Where Stipulation of Change Was Never Filed, Change Never Ordered and Papers Never Transferred.

    County in which suit was started and attachment levied had jurisdiction to vacate attachment on motion of judgment creditor, where stipulation changing venue, though entered into, was never filed, and no order entered transferring cause, and no papers filed in county of defendants residence.

3.  Attachment—Where Sheriff Failed to File Inventory on Attachment of Real Property or Make Return Within 20 Days. Judgment Creditor Could Secure Dissolution (Rev. Code 1919, § 2442, subd. 1, and Sections 2437, 2450).

    Judgment creditor, having lien on real property attached, could procure dissolution of attachment where, though levy was proper, under Rev. Code 1919, § 2442, subd. 1, sheriff failed to file inventory and warrant and make return within 20 days thereafter as required under sections 2437, 2450.

4.  Attachment—Statute Providing 20-Day Period for Filing Inventory and Return Constitutes Restriction on General Provision for Filing Return (Rev. Code 1919, §§ 2437, 2450).

    Twenty-day period for filing inventory and return of attachment with clerk of court issuing warrant, as prescribed by Rev. Code 1919, § 2437, held mandatory, in view of history of

legislation (Code Civ. Proc. §§ 185, 195 [Laws 1867-68, pp. 54, 59]; Code Civ. Proc. 1877, §§ 202-204; Laws 1887, c. 24), such provision constituting a restriction upon unlimited general provision for filing return as set out in Rev. Code 1919, § 2450.

5. **Attachment—Lien of Attachment Is Subject to Be Divested by Failure of Sheriff to File Inventory, Warrant and Return Within 20 Days (Rev. Code 1919, §§ 2437, 2442).**

Lien of attachment, though effectual from time of making proper levy, under Rev. Code 1919, § 2442, is subject to be divested ab initio on failure of sheriff to file inventory and warrant, together with return thereon, within 20 days as prescribed by section 2437, in view of the history of legislation (Code Civ. Proc. §§ 185, 195 [Laws 1867-68, pp. 54, 59]; Code Civ. Proc. 1877, §§ 202-204; Laws 1887, c. 24).

Note.—See, Headnote **(1)**, American Key-Numbered Digest, Attachment, Key-No. 291, 6 C. J. Sec. 833; **(2)** Venue, Key-No. 75, 40 Cyc. 173; **(3)** Attachment, Key-No. 232, 6 C. J. Sec. 991; **(4)** Attachment, Key-No. 172, 6 C. J. Sec. 480; **(5)** Attachment, Key-No. 172, 6 C. J. Sec. 445.

On right of judgment creditor to apply for dissolution of attachment, see annotation in 35 L. R. A. 768, 2 R. C. L. 872.

Appeal from Circuit Court, Spink County; Hon. ALVA E. TAYLOR. Judge.

Action by Interstate Surety Company against George W. Bangasser and others, in which the Danciger Oil & Refining Company intervened. From an order denying intervenor's motion to vacate an attachment, intervenor appeals. Reversed and remanded, with directions.

*Johnson & Simons*, of Sioux Falls, for Appellant.

CAMPBELL, J. December 7, 1923, plaintiff commenced an action in Spink county, S. D., against the defendants above named, and at the time of issuance of summons procured from the clerk of courts of Spink county in the manner provided by law a warrant of attachment, which warrant of attachment was delivered to the sheriff of Miner county, S. D., who on December 8, 1923, purported to execute said warrant by levying the same in the manner provided by subdivision 1, section 2442, R. C. 1919, upon certain real estate of defendants in said Miner county.

Thereafter the intervenor prosecuted to conclusion a certain

action against the same defendant in the United States District Court, resulting in a judgment in favor of intervenor and against the defendants in the sum of approximately $5,500, bearing date January 7, 1925, which federal court judgment was transcripted to Miner county on February 5, 1925.

Thereafter and on March 19, 1925, intervenor, upon order to show cause, moved the circuit court of Spink county, S. D., to vacate and dissolve the attachment sought to be levied in the state court action instituted by plaintiff against the defendants, which motion was by the learned circuit judge denied and from that order intervenor appeals. No brief has been filed by respondent.

Upon the record as presented to us we are met by two preliminary questions: First, as to the right of the appellant to move for dissolution of the attachment; and, second, whether such motion was made in the proper court.

[1] Appellant herein is a judgment creditor of the defendants holding a judgment lien upon the Miner county real estate junior to the attachment lien of respondent, if said attachment lien is valid. Under the provisions of section 2448, R. C. 1919, and the decision of this court in Citizens' Bank v. Corkings, 9 S. D. 614, 70 N. W. 1059, 62 Am. St. Rep. 891 (reversed on rehearing upon other grounds, 10 S. D. 98, 72 N. W. 99), we are of the opinion that appellant was entitled to apply for dissolution of the attachment upon any jurisdictional grounds.

[2] It appears that after the institution of the action by respondent against defendants in Spink county it was stipulated between the parties to said action by their attorneys that the venue thereof should be changed to Miner county, where defendants resided. The date of said stipulation and whether or not the same was in writing is not apparent from the record before us. In any event such stipulation was not filed in either Spink county or Miner county, nor was any order entered transferring the cause, nor were the papers filed in Spink county transferred to Miner county. At the time appellant instituted this proceeding for dissolution of attachment there was on file with the clerk of courts of Spink county in the action instituted by respondent against defendants the summons, complaint, affidavit for attachment, and undertaking for attachment, and there was on file with

the clerk of courts of Miner county, entitled in the same action, a notice of trial and note of issue, and a stipulation for the substitution of a receiver of respondent corporation as party plaintiff. If the transfer of the cause from Spink county to Miner county had been completed and properly accomplished, we think the circuit court of Miner county would have jurisdiction of any motion to dissolve the attachment, the proceedings in attachment being ancillary to the principal action.   See War Finance Corporation v. Byrum, 49 S. D. 208, 206 N. W. 1005.   From the facts as disclosed by this record, however, no order transferring the cause appears in either county, and nothing is of record in the office of the clerk of courts of Miner county sufficient to confer any jurisdiction upon that court or to show that the circuit court of Spink county had parted with jurisdiction.   Under the circumstances shown by this record we think appellant properly moved in the circuit court for Spink county.

Appellant relies upon two grounds for the dissolution of the attachment:   First, that the sheriff failed to make the levy in the manner specified by subdivision 1, § 2442, R. C. 1919, in that the notice of attachment subscribed by him did not in the body thereof state the names of the parties to the action, and, further, that he caused said notice to be recorded in the office of the register of deeds of Miner county in the book of miscellaneous records and not in the same book as notices of the pendency of actions. Appellant's second contention is that, assuming a valid levy, the lien of the attachment fell because the sheriff failed within 20 days after the levy to file with the clerk of courts who issued the warrant an inventory of the property levied upon, together with the warrant of attachment and the sheriff's return thereon, as contemplated by section 2437, Code 1919.

[3]   For the purposes of this opinion we will assume, without deciding, that the acts of the sheriff shown by the record herein constituted a sufficient levy upon the real estate in question, pursuant to the provisions of subdivision 1, § 2442, R. C. 1919, and effectually created a lien thereon, leaving for our consideration the sole question of whether or not the lien acquired by such levy was thereafter lost and divested by the sheriff's failure to file inventory and return within 20 days, under the provisions of section 2437.   It is undisputed upon the record before us that no

such inventory and return was filed by the sheriff either in Spink county or in Miner county within 20 days after seizure and levy, or, in fact, at any time before the institution of the proceedings to vacate the attachment, the only documents on file with the clerk of·either Spink or Miner counties in said cause at the time of the commencement of these proceedings for dissolution of attachment being those specifically hereinbefore set out. The question is therefore squarely presented as to whether or not the filing of such inventory and return within 20 days is jurisdictional.

Relevant statutes all of which were re-enacted at the same time as part of the Revised Code of 1919, are sections 2450 and 2437 of said Code and the last clause of section 2442 thereof. Section 2442, after specifying in considerable detail the method of levying a warrant of attachment upon various sorts of property, proceeds as follows:

"* * * The lien of the attachment shall be effectual from the time when a levy is made in accordance with the foregoing provisions."

Section 2450 and 2437 read respectively as follows:

Section 2450: *"Return by Officer.*—When the warrant shall be fully executed or dissolved, the sheriff must return the same, with the proceedings thereon, to the court in which the action was brought."

Section 2437: *"Inventory of Property to Be Made.*—Immediately upon making such seizure he shall make a just and true inventory of all the property so seized, and of the books, vouchers and papers taken into his custody, stating therein the estimated value of the several articles and kinds of personal property, enumerating such of them as are perishable, and giving a description of the real property so attached, ·which inventory must be signed by the sheriff, attached to and made a part of the return on the warrant of attachment. And any subsequent execution of the warrant of attachment upon other property of the debtor must be made and an inventory thereof made and returned, in like manner. And such officer shall, within twenty days after making such seizure, file all of said papers, including said inventory and return, with the clerk of the court who issued the warrant."

The groundwork of our present law of attachment is found in sections 180 to 196, inclusive, of the Code of Civil Procedure,

adopted by the Seventh Territorial Legislature (Laws Dak. 1867-68, pp. 52-59), taken almost verbatim from the then existing New York Code of Civil Procedure (see Wait's Ann. Code N. Y. §§ 227-243). Section 195 of the Civil Procedure Code of 1867-68 has survived unchanged, excepting in two words, as section 2450, R. C. 1919, and until 1887 was the only mention in our law as to the return of the warrant of attachment.

Section 185 of the Code of 1867-68 was the only mention of inventory, and was as follows:

"*Mode of Proceeding in Executing Warrant.*—The sheriff to whom such warrant of attachment is directed and delivered, shall proceed thereon in all respects in the manner required of him by law in case of attachments against absent debtors; shall make and return an inventory, and shall keep the property seized by him, or the proceeds of such as shall have been sold, to answer any judgment which may be obtained in such action; and shall, subject to the direction of the court or judge, collect and receive into his possession all debts, credits, and effects of the defendant. The sheriff may also take such legal proceedings, either in his own name or in the name of such defendant, as may be necessary for that purpose, and discontinue the same at such times and on such terms as the court or judge may direct."

The Territorial Code Commission, who prepared the Code of 1877, while retaining the general structure of the attachment law as based on the New York procedure, modified it considerably in some particulars, influenced apparently by the then recent California Code of Civil Procedure of 1872; section 185 of our Code of 1867-68 above quoted was by the Code commissioners expanded and amplified into three sections, being sections 202, 203, and 204, Code of Civil Procedure 1877. Of these section 203 was practically identical with our present section 2437, R. C. 1919, above quoted, excepting only that the last sentence of the present section was absent. This last sentence was introduced into our law by chapter 24, Laws of 1887, reading as follows:

Section 1: "*When Papers Shall Be Filed by Sheriff.*—That section two hundred and three of chapter eleven of the Code of Civil Procedure be and the same is hereby amended by adding thereto the following words: 'And such officer shall within twenty

days after making such seizure, file all of said papers, including said inventory and return, with the clerk of the district court who issued the warrant.' "

Section 2: "All acts and parts of acts in conflict with the provisions of this act are hereby repealed."

Subsequent to the amendment of 1887 and before the enactment of the 1919 Code this court held that the 1887 amendment in effect established a return day for the process and was mandatory upon the officer, at least to such an extent that a sheriff who had made a levy under a warrant of attachment and failed to file his inventory and return within 20 days could not justify his taking as against the owner of the property seeking to recover the same by claim and delivery. Carson v. Fuller, 11 S. D. 502, 78 N. W. 960, 74 Am. St. Rep. 823 (cited and approved on this point in Guernsey v. Tuthill, 12 S. D. 584, 82 N. W. 190).

Section 2442, R. C. 1919, was brought into our law by the commissioners who prepared the Revised Code of 1919, being taken from North Dakota (section 7547, N. D. Comp. Laws 1913).

[4, 5] In view of the history of these various provisions of our statute and the re-enactment of all thereof in the Code of 1919 subsequent to the decision in Carson v. Fuller, supra, we are of the opinion that the 20-day period for filing the inventory and return prescribed by section 2437 is mandatory and is a restriction upon the unlimited general provision for filing the return set out in section 2450, R. C. 1919, and that while the lien of the attachment is effectual from the time a proper levy is made, as provided by section 2442, R. C. 1919, yet such lien is subject automatically to be lost and divested ab initio, if within 20 days after the seizure the sheriff fails to file his inventory and warrant together with his return thereon, as prescribed by section 2437.

We are therefore of the opinion that the motion to dissolve the attachment in the instant case should have been granted, and the order appealed from is reversed and the cause remanded, with directions to enter an order in conformity herewith.

SHERWOOD, J., not sitting.