MALCHOFF, Respondent, v. KNEWEL, Appellant.

(215 N. W. 689.)

(File No. 5841.   Opinion filed October 22, 1927.)

1.   Sheriffs and Constables—Owner's Demand for Chattels Held Not Essential to Cause of Action for Conversion Against Sheriff Failing to File Required Notice and Affidavit (Rev. Code 1919, § 2422).

Where a sheriff, in a claim and delivery action, seized chattels but failed to file the notice and affidavit. within 20 days, as required by Rev. Code 1919, § 2422, owner's demand for return of property held not essential to his cause of action for conversion, the sheriff being a trespasser ab initio.

2.   Sheriffs and Constables—Sheriff Seizing Property Under Process, but Failing to Make Required Return, Becomes Trespasser ab Initio.

Where a sheriff seizes property under process but fails to make the return as required by law, he becomes a trespasser ab initio.

3. **Sheriffs and Constables—Amercement Is Not Exclusive Remedy Against Sheriff Failing to File Notice and Affidavit After Seizure, in Claim and Delivery Action (Rev. Code 1919, §§ 2422, 2655).**

> Under Rev. Code 1919, § 2655, proceedings in amercement are not exclusive as remedy where a sheriff seizes property in a claim and delivery action but fails to make proper return of the notice and affidavit, as required by section 2422.

Note.—See, Headnote (1), American Key-Numbered Digest, Sheriffs and Constables, Key-No. 129, 35 Cyc. 1794 (Anno.); (2) Key-No. 111, 35 Cyc. 1698; (3) Key-No. 125(1), 35 Cyc. 1885.

Appeal from Circuit Court, Minnehaha County; HON. JOHN T. MEDIN, Judge.

Action by John Malchoff against Vincent Knewel, Sheriff of Minnehaha County. From an order overruling his demurrer, defendant appeals. Order affirmed.

*Coon & Coon,* of Sioux Falls, and *Owen T. Lewis,* of Dallas, Tex., for Appellant.

*Johnson & Simons,* of Sioux Falls, for Respondent.

BURCH, J.  This is an appeal from an order of the circuit court overruling defendant's demurrer to the complaint on the ground that the complaint does not state a cause of action.

The complaint is divided into five paragraphs alleging, in substance, as follows: First, defendant is sheriff of Minnehaha county; second, plaintiff was owner, by virtue of a sales contract, and entitled to possession of certain personal property (described) of the value of $370; third, defendant, as sheriff, without plaintiff's consent, wrongfully, maliciously, and unlawfully took and carried away from the possession of plaintiff such personal property and converted it to his own use and benefit; fourth, defendant, as sheriff, purported to take possession of such property in a purported claim and delivery action instituted by the Western Material Company against John Malchoff, plaintiff in this action, and failed to file the purported notice and affidavit in such action with his proceedings thereon, with the clerk of court, within 20 days after taking such property; fifth, plaintiff has been damaged $370, which has been demanded, and payment refused.

[1]  It is plain that paragraphs 2, 3, and 5, standing alone, state a cause of action for the conversion of chattels.  Paragraph 1 alleges the official capacity of defendant, as sheriff, and paragraph

4 that the taking was by virtue of a claim and delivery action in which there seems to have been no irregularity, except the failure of the sheriff to make return within 20 days, as provided by section 2422, R. C. 1919. It is the contention of appellant that, because the taking was by virtue of process, such taking was rightful and the sheriff could not be held liable for conversiou until plaintiff demanded a return of the property and the sheriff refused to surrender it, and that because the complaint fails to allege a demand and refusal no cause of action is stated in conversion.

[2] Appellant concedes that if the taking was wrongful no demand is necessary. What, then, is the effect of a failure to make return as provided by law? In Guernsey v. Tuthill et al, 12 S. D. 584, 82 N. W. 190, this court held the provision requiring a return to be made within 20 days after the taking of property in claim and delivery was mandatory. See, also Interstate Surety Co. v. Bangasser, 50 S. D. 618, 211 N. W. 599. In Carson v. Fuller, 11 S. D. 502, 78 N. W. 960, 74 Am. St. Rep. 823, it was held that a sheriff cannot justify a seizure under an attachment on which a return was not made within 20 days. It is a well settled rule that a failure to make return as required by statute renders the sheriff a trespasser ab initio. Interstate Surety Co. v. Bangasser et al, supra; Williams v. Ives, 25 Conn. 568; Wiggin v. Atkin, 136 Mass. 292; Baldwin v. Wright, 3 Gill (Md.) 241; Mitchell v. Pierce, 86 Vt. 514, 86 A. 748; Ritter v. Scannell, 11 Cal. 238, 70 Am. Dec. 775; Cousins v. Alworth, 44 Minn. 505, 47 N. W. 169, 10 L. R. A. 504. Being a trespasser ab initio, no demand was necessary.

[3] It is also contended by appellant that the only remedy against the sheriff for failure to make return as required by law is amercement. We do not think the statutory proceeding by amercement is the only remedy for the wrong complained of in this case. The acts complained of would constitute conversion in any one but an officer, and we can see no reason for a different rule where an officer is involved. By the express provision of section 2655, R. C. 1919 (a section on amercement), a party may proceed against a sheriff by an attachment or other proceeding at his election. Proceedings in amercement are not exclusive.

The order appealed from is affirmed.

CAMPBELL, P. J., and POLLEY, J., concur.

GATES and SHERWOOD, JJ., not sitting.