GILLOTH, et al, Respondents, v. TROW, et al, Appellants.

(221 N. W. 266.)

(File No. 6189. Opinion filed October 6, 1928.)

*Byrnes & Markey,* of Huron, for Appellants.
*B. B. McClaskey,* of Huron, for Respondents.

POLLEY, J. This action was brought to recover on a re-delivery bond given in a suit in claim and delivery. Plaintiffs had judgment, and defendants appeal.

The plaintiffs sold the defendants L. W. and L. E. Trow a threshing machine and traction engine, and took back a chattel mortgage on said machinery to secure the purchase price. For the purpose of foreclosing said chattel mortgage, plaintiff brought an action in claim and delivery. The sheriff took possession of the machinery, and the defendants gave the bond involved in this action, and the machinery was returned to him. Plaintiff recovered judgment for possession of the property, or its value in the sum of $500 and costs. The property is described in the complaint, in the affidavit in replevin, and in the judgment, as one Reeves separator, No. 7973, and one Titan tractor 10-20. When plaintiffs recovered possession of the property, they claimed that by the removal of certain parts of the said machinery, after the giving of the said bond and in other ways, plaintiffs had been damaged.

While numerous alleged errors are assigned by appellants, there are but two questions presented that merit consideration.

The first question is one of practice. The sheriff who seized the property in the replevin suit failed to file a return of his proceedings therein with the clerk of courts. If this matter was material to defendants' rights, it should have been presented in the replevin suit. Having failed to raise the question at that time, it will be deemed to have been waived, and cannot be inquired into in this action. Guernsey v. Tuthill, 12 S. D. 584, 82 N. W. 190, and Carson v. Fuller, 11 S. D. 502, 78 N. W. 960, 74 Am. St. Rep. 823, cited and relied on by appellants, are not in point. These cases relate only to the rights of a sheriff who has failed to file his return with the clerk of courts, as required by Rev. Code 1919, §§ 2422 and 2437.

The other question grows out of the following facts: When plaintiffs sold the separator to the Trows, it was equipped with a Reeves feeder. Later on defendants removed the Reeves

feeder and attached a Garden City feeder. The Reeves feeder was worth around $100. The Garden City feeder was worth $300. When defendants gave the bond involved in this action, the Garden City feeder was attached to and constituted a part of the separator, but thereafter, and before the separator was returned to plaintiff, defendants removed the Garden City feeder and put the Reeves feeder back on the separator. They claimed they had a right to do this, and that the plaintiffs were not entitled to damages because of this change, but this matter like the former was a question that should have been, and is presumed to have been, litigated in the former action, and cannot be inquired into in this action.

The judgment and order appealed from are affirmed.

SHERWOOD and BROWN, JJ., concur.

BURCH, P. J., concurs in result.

CAMPBELL, J., not sitting.