SHAFFNER, et al, Appellants, v. PRICE, et al, Respondents.

(260 N. W. 703.)

(File No. 7698. Opinion filed May 4, 1935.)

*James F. Callahan,* of Fort Pierre, and *O'Keeffe & Stephens,* of Pierre, for Appellants.

*Will G. Robinson,* of Pierre, for Respondents.

RUDOLPH, J. In this action the plaintiffs seek to recover from the defendant Price, as sheriff of Stanley county, and the State Bonding Department, who furnished the sheriff's bond, for the alleged conversion of a certain combine. The facts are substantially as follows: Claude Shaffner and his father, E. E. Shaffner, purchased a combine in July, 1928, and to secure a part of the purchase price thereof gave their note secured by a chattel mort-

gage on the combine. The Oliver Farm Euipment Sales Company became the owner and holder of this note and mortgage, and a default having occurred, this company on July 25, 1931, commenced an action in claim and delivery for the possession of the combine for the purpose of foreclosure. The defendant Price, as sheriff, seized the combine on July 29, 1931. Process was served upon Claude Shaffner on August 8, 1931, and upon E. E. Shaffner on August 7, 1931. The combine was sold on foreclosure sale on August 21, 1931, and was bid in by the owner and holder of the note and mortgage for $350. Report of sale upon foreclosure was filed in the office of the register of deeds on August 21, 1931, and disclosed that the sheriff had disbursed the $350 received on the sale by applying $135.20 thereof to the cost of proceeding, and indorsing the balance of $214.80 upon the Shaffner note. The notice and affidavit with the sheriff's proceedings thereon in the claim and delivery action were not filed with the clerk of the circuit court until September 8, 1931, forty-one days after the sheriff had taken the property by virtue of the process in that action.

This present action was tried to a jury. The court, in effect, instructed the jury that by reason of the failure of the sheriff to file a return of his proceedings in the claim and delivery action within twenty days, as required by section 2422, Rev. Code 1919, the sheriff became a converter of the combine and should answer in damages to the plaintiff. However, the court further instructed the jury that, as against any damage the plaintiffs suffered by reason of the conversion of the combine by the sheriff, the jury should offset any benefit the plaintiffs received by virtue of the foreclosure proceedings. Proper exceptions were taken to the instructions by the plaintiffs. Plaintiffs also moved for a directed verdict, wherein they took the position that the only issue for the consideration of the jury was the value of the combine at the time of the taking by the sheriff. The court asked the jury to return a general verdict either in favor of the plaintiffs or the defendants, and then further instructed the jury as follows: "The court is also in addition to the general verdicts submitting to you a special form of verdict which is separate and distinct from the general forms of verdict and this special verdict will be for the purpose of having you find what was the value of said combine on July 29th, 1931. * * * This special verdict to be returned by you in

any event no matter which way you may find upon the general verdict as above mentioned." The jury returned a general verdict in favor of the defendants and a special verdict, under the instruction above set out, finding the value of the property on July 29, 1931, to be the sum of $1,000. The plaintiffs moved for judgment notwithstanding the verdict, and asked that the court render judgment in their favor based upon the special verdict in the sum of $1,000. The court denied the motion of the plaintiffs for judgment, and entered judgment based on the general verdict in favor of the defendants. The plaintiffs have appealed from the judgment thus entered.

██ This court has consistently held that the failure of the sheriff to file a return of his proceedings in a claim and delivery action within twenty days, as required by section 2422, Rev. Code 1919, renders the sheriff a trespasser ab initio. We are not inclined at this time to depart from this holding. It is unnecessary, we believe, to again go into the reasons for the holding, which reasons may be found in the authorities set out in the opinion in the case of Malchoff v. Knewel, 51 S. D. 520, 215 N. W. 689, from which we quote: "Appellant concedes that if the taking was wrongful no demand is necessary. What, then, is the effect of a failure to make return as provided by law? In Guernsey v. Tuthill, et al, 12 S. D. 584, 82 N. W. 190, this court held the provision requiring a return to be made within 20 days after the taking of property in claim and delivery was mandatory. See, also, Interstate Surety Co. v. Bangasser, 50 S. D. 618, 211 N. W. 599. In Carson v. Fuller, 11 S. D. 502, 78 N. W. 960, 74 Am. St. Rep. 823, it was held that a sheriff cannot justify a seizure under an attachment on which a return was not made within 20 days. It is a well-settled rule that a failure to make return as required by statute renders the sheriff a trespasser ab initio. Interstate Surety Co. v. Bangasser, et al, supra; Williams v. Ives, 25 Conn. 568; Wiggin v. Atkins, 136 Mass. 292; Baldwin v. Wright, 3 Gill (Md.) 241; Mitchell v. Pierce, 86 Vt. 514, 86 A. 748; Ritter v. Scannell, 11 Cal. 238, 70 Am. Dec. 775; Cousins v. Alworth, 44 Minn. 505, 47 N. W. 169, 10 L. R. A. 504. Being a trespasser ab initio, no demand was necessary." It appears clear, therefore, that, so far as the taking of this combine is concerned, the sheriff must be treated as a trespasser ab initio. In other words, under the above decisions of this

court and as made especially clear in the above quotation from the case of Malchoff v. Knewel, the taking of the combine by the sheriff was wrongful from the beginning, and such taking cannot be justified by reason of the action in claim and delivery. The principal question, therefore, presented by this record is the measure of damage to which plaintiffs are entitled, and whether or not these damages are subject to offset. Section 1987, Rev. Code 1919, provides as follows: "The detriment caused by the wrongful conversion of personal property is presumed to be:

"1. The value of the property at the time of the conversion, with interest from that time. * * *" So far as concerns the measure of damages, therefore, that question is settled by this statute, and the measure of plaintiffs' damages was the value of the combine on July 29, 1931, with interest from that date. The section of our Code immediately following said section 1987 provides: "The presumption declared by the preceding section cannot be repelled, in favor of one whose possession was wrongful from the beginning, by his subsequent application of the property to the benefit of the owner, without his consent." Section 1988. It appears from this record that $214.80 of the money received by the sheriff for the sale of the combine was applied by the sheriff upon the indebtedness owing by the Shaffners. However, it further appears that this application of the money by the sheriff was without the Shaffners' consent. It is our opinion that the said section 1988 is controlling on this feature of the case. Under the above-cited decisions of this court the possession of the sheriff must be considered as wrongful from the beginning, and this being true, before the sheriff can take advantage of the fact that he applied $214.80 to the benefit of the Shaffners, it must be shown that such application was with the Shaffners' consent. Such is the express provision of section 1988, Rev. Code 1919. It definitely appears that the application was without the Shaffners' consent, and it follows that the sheriff is not entitled to an offset on account of this application.

█ In our opinion, the appellants were correct in their contention that the only issue to be submitted to the jury was the value of the combine on July 29, 1931. The court did submit this issue to the jury and had the jury's finding thereon. This question of value was thoroughly gone into at the trial, and was the prin-

cipal issue upon which evidence was submitted. That the question of the value of the combine was submitted to the jury for the purpose of avoiding a retrial in this case, should it be decided that plaintiff's damages were not subject to offset as claimed by defendants, appears clear from this record. In respondents' brief there is set out the following:

"By Mr. O'Keeffe: If they were allowed to put in this evidence by way of a defense for recoupment and the court instructs the jury that it is a defense and the Supreme Court later finds that the court is wrong, we will have to retry this entire case.

"By Mr. Robinson: I quite agree with Mr. O'Keeffe that it would be a waste of the taxpayers' money to have a retrial of a case of this nature if, as a matter of fact, the defendant and the court are both wrong as to our defense being a good one and I suggest that we could very easily avoid a retrial by having the court for that purpose only submit a special interrogatory to the jury as to their valuation of the combine, which special interrogatory could be utilized by the court hereafter, if, upon an appeal the Supreme Court would determine the defendant's defense not to be a proper one."

Under this state of the record we are of the opinion that appellants are entitled to judgment based upon the finding of the jury as to the value of the combine.

The judgment appealed from is reversed, and the trial court directed to enter judgment in favor of the plaintiffs based upon the special verdict of the jury finding the value of the combine.

All the Judges concur.