Petttngell, P. J.
Action of contract for medical services. The answer is a general denial, payment and the *94 statute of limitations. There was a finding for the plaintiff. The defendant requested rulings, as follows:
“1. A writ can be served upon the defendant but once. 2. After a writ has been served, its next function is to be returned to Court. 3. A writ must have the return day therein. 4. After service of the writ, the return day can not be changed and the writ reserved. 5. When the return day has been changed, the writ can not be a completed writ until that time of the change. 6. The date of the writ can be attacked. 7. A change of the return day after ussuance (sic), would constitute a change in the date of the writ. 8. A writ must have been drawn prior to one year of the notice of appointment for the plaintiff to recover. 9. The writ, as entered, must be drawn prior to one year of the notice of appointment for the plaintiff to recover. 10. Interest can not be collected prior to the date of the writ.”
The trial judge allowed the requests numbered 2, 3, 6, 8, 9 and 10, and denied those numbered 1, 4, b, and 7. He made the following finding of fact and rulings of law :
“This is an action of contract brought by the plaintiff who is a physician against the administrator of the estate of a deceased person for services rendered the deceased. The defendant was appointed administrator of his father’s estate on March 11, 1942. No question was raised before me but that the services were rendered and that the sum charged was reasonable compensation.
‘ ‘ The plaintiff placed his case in the hands of an attorney, and on Monday, March 8, 1943, this attorney drew a writ in behalf of the plaintiff, and on March 10,. 1943, a clerk of the plaintiff’s attorney delivered the writ to a deputy sheriff. She also filed notice of the beginning of the suit in the Probate Court in the County of Middlesex on the same day.
“The writ as originally drawn was returnable upon. Saturday, March 20, 1943. It was duly served on the defendant on or about March 16th. On March 17th the-return day of the writ was changed at the sheriff’s- *95 office to March 27th, 1943, and a memorandum, to that effect was sent to the plaintiff’s attorney. On March 17th, 1943 the writ was again served upon the defendant and the officer’s return was made to that effect. The writ was duly entered on March 27,1943. On March 29, 1943 an attorney representing the defendant filed an answer. This was a general denial and alleged payment and further pleaded the Statute of Limitations.
“I find that the plaintiff, through his attorney, instituted a suit against the defendant on March 8, 1943. This suit was returnable on March 20, 1943, and was duly placed in the hands of an officer for service on March 10th. Service was made on the defendant on March 16th. On the next day the sheriff changed the return day of the writ to March 27th and on the same day, March 17th, served the writ in its altered form upon the defendant, and made a return that he had done so.
“It is obvious that the writ as originally made by the plaintiff’s attorney was not served at least seven days before the return day. The service on March 16th was ineffectual. It appears, however, from the evidence before me, and it also appears, from an inspection of the writ itself, that the sheriff changed the return day of the writ to March 27th and on the same day, March 17th, served the writ in its altered form upon the defendant, and made a return that he had done so.
“I find that this suit was begun by a writ dated March 8th and that this date was within the period established by the short Statute of Limitations. This writ on its face was returnable on March 27th. Service was duly and properly made, the writ was entered and the defendant appeared and answered. The defendant paid no attention to the service of the writ upon him in its original form.
“I find for the plaintiff. I rule that the suit was begun by a writ which was dated March 8th, which was placed in the hands of the officer on March 10th, and which was duly served on the defendant on March 17th, and that this writ as served upon the defendant was returnable on March 27th.
“On the defendant’s requests for rulings I give the second, third, sixth, eighth, ninth and tenth.
“I deny the first, fourth, fifth and seventh.
*96 “As no question of fact is in dispute except the question as to whether the Statute of Limitations was satisfied by a writ drawn and served as hereinbefore set forth, if I am wrong in my ruling that the suit was begun prior to the time when it would have been barred by the Statute of Limitations, judgment is to be entered for the defendant.”
No request for a ruling challenges the sufficiency of the evidence to warrant the findings of fact made by the trial judge, which, therefore must stand as final. Reid v. Doherty, 273 Mass. 388, at 389, 390. Segal v. Allied Mutual Liability Ins. Co., 285 Mass. 106, at 107. Stowell v. H. P. Hood & Sons, Inc., 288 Mass. 555, at 556, 557. Baker v. Davis, 299 Mass. 345, at 348. Looby v. Looby, 303 Mass. 391, at 392. Carney v. Cold Springs Brewing Co., 304 Mass. 392, at 396.
The finding that March 8, 1943 was the date of the beginning of the action has sufficient evidence to warrant it. The only issues in the case are those which arise from happenings after that date. Without a doubt, if the sheriff’s office had returned the writ without alteration or service upon discovering on March 16th that it had not been served and that a good service could not then be made, the plaintiff could have entered his writ on the original return day and could have moved to amend it by changing the return day. Such an amendment was possible and proper. Fay v. Hayden, 7 Gray 41, at 42. Hamilton v. Ingraham, 121 Mass. 562, at 563. Perry v. Sapielo, 297 Mass. 242, at 243. In this way the integrity of the writ as issued would have been preserved and a sufficient service could have been made. Compare O’Brien v. McManama, 281 Mass. 89, at 90, 91, in which the original writ was discarded for a new one.
The plaintiff filed no motion for amendment, however, but stood on the original writ with the change in the return day. This was an error which could have been taken *97 advantage of by the defendant by a proper pleading in abatement.
“Any fact which impeaches the form of the writ, the ■ timeliness of the action, the capacity of the parties, or such like matter not attacking the foundation of the cause of action, properly may be pleaded in abatement. Misnomer or any misdescription of parties, . . . non-joiner of necessary parties, . . . the bringing of writ in wrong county, . . . the pendency of prior suit between the same parties for the same cause, . . . must be taken advantage of by plea in abatement.” White v. E. T. Slattery Co., 236 Mass. 28, at 30, 31. Seagrave v. Erickson, 7 Cush. 89, at 90. Morton v. Sweetser, 12 Allen 134, at 137.
The record does not show that the defendant filed any pleading in the nature of abatement. It states that his ‘ ‘ answer is a general denial, plea of payment, and a plea of the Statute of Limitations”. By pleading to the merits and going to trial he waived all matters of abatement. Pratt v. Sanger, 4 Gray 84, at 88. Gile v. Devens, 7 Cush. 59, at 62. Seagrave v. Erickson, 7 Cush. 89 at 90. Cole v. Ackerman, 7 Gray 38, at 41. Fay v. Hayden, 7 Gray 41, at 42. Preston v. Neale, 12 Gray 222, at 223. Whipple v. Rogerson, 12 Gray 347, at 348. Inhabitants of Walpole v. Gray, 11 Allen 149, at 150. Morton v. Sweetser, 12 Allen 134, at 137. Chamberlayne v. Nazro, 188 Mass. 454, at 456. George N. Pierce Co. v. Beers, 190 Mass. 199, at 204. Lebowich, petr., 235 Mass. 357, at 363. Rainault v. Evarts, 296 Mass. 590, at 595. The alteration of the writ, if a defence, should have been raised by an answer in abatement. Gile v. Devens, 11 Cush. 59, at 60. Alterations of writs, however, always have been permissible here. Gardner v. Webber, 16 Pick. 251, at 252. Wiggin v. Atkins, 136 Mass. 292, at 293.
The only issue of error raised by the defendant’s report is the denial of four rulings requested by the defendant.
*98 There was no error in the denial of the first request. It was not applicable to the facts found by the trial judge, which, as has been pointed out, must be accepted as the facts of the case. Crowninshield Ship Building Co. v. Jackman, 283 Mass. 21, at 22. Gardner v. Webber, supra, and Wiggins v. Atkins, supra, demonstrate that without explanation or qualification the request as made does not represent the law. It ignores, also, the right of the court to correct a possible error by amendment.
What has just been said applies to the fourth request, also. The fifth request is intended apparently to raise the point that the date of the change of a writ becomes the date of the writ, a new writ being the result of the change. This point is raised by the seventh request, also. The trial judge found as fact that the writ was properly drawn as to time, thát it was altered, duly served, and then entered, and that the defendant paid no attention to the first service of the writ upon him in the original form but answered to the action following the entry. The cases cited regarding the defendant’s waiver of any claim of error by answering to the merits and the trial judge’s finding, demonstrate that, even if the defendant’s contention is good law, it is not applicable to this case. There was no error in the denial of any of these rulings.
No prejudicial error appearing, the report is to be dismissed.